MORRIS v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Estates of Decedents:** JURISDICTION TO APPOINT ADMINISTRATOR. In any case where an administrator would have a right of action in this state for the collection of a claim, the circuit court has jurisdiction to appoint an administrator to make the collection, no matter where the decedent resided at the time of his death.

2. ———: APPOINTMENT OF ADMINISTRATOR: QUALIFICATION BEFORE APPOINTMENT. The appointment of an administrator is not invalidated by the fact that his oath was taken and bond made before his appointment.

3. **Jurisdiction:** CAUSE OF ACTION ARISING UNDER LAWS OF ANOTHER STATE: RULE STATED AND APPLIED. Where a right of action accrues by virtue of a statute of any state, the action may be maintained in the courts of any other state where the statutes relating to the same subject are of a similar import, though they be not precisely the same. Indeed, it would seem to be sufficient if the action be not contrary to the public policy or the law of the state where the suit is brought. Accordingly, where the administrator of the decedent had a right of action in the state of Illinois, under the statutes of that state, on account of the negligence of the defendant, resulting in the death of the decedent, *held* that the action was transitory, and might be prosecuted in this state,— the statutes of the two states relating thereto being substantially the same. Compare *Boyce v. Wabash R'y Co.*, 63 Iowa, 70.

*Appeal from Polk Circuit Court.*

TUESDAY, APRIL 21.

THE plaintiff alleged in his petition that he had been duly appointed administrator of the estate of Michael Quigley, deceased, by the circuit court of Polk county, in this state, of which county said deceased was late a resident, and that said Quigley died at Rock Island, Illinois; that he was an employe of the defendant; and that he died from injuries received while coupling cars for the defendant at Rock Island. He further alleged the necessary facts showing that the deceased received the injury from which he died by reason of the negligence of the defendant, and without any contributory negligence on his part. The defendant, by its answer, denied the averments of the petition, and denied that the

decedent was a resident of this state, and denied that plaintiff was administrator of his estate; averred that decedent was a resident of Illinois at the time of his death; and denied the right of the plaintiff to maintain an action in the courts of this state for an injury causing the death of said Quigley in the state of Illinois. There was a demurrer to that part of the answer which raised the question as to the right of the plaintiff to maintain the action. The demurrer was sustained, to which defendant excepted. The cause was tried on its merits, and there was a verdict and judgment for the plaintiff. Defendant appeals.

*Wright, Cummins & Wright*, for appellant.

*Baylies & Baylies*, for appellee.

ROTHROCK, J.—I. Counsel for appellant present three propositions in argument. The first is that the circuit court of

1. ESTATES OF decedents: jurisdiction to appoint administrator.

Polk county had no jurisdiction to appoint an administrator of the estate of Michael Quigley, deceased. The argument is based upon the claim that the deceased left no estate within this state to be administered upon; that whatever claim existed against the defendant for damages for the death of Quigley arose under the law of Illinois, where the injury was received, and where the death occurred; and that by the law of that state a right of action was not in the estate, but in the wife, husband, or next of kin, if there were any surviving. If it be correct, as claimed by appellant, that no right of action existed in this state, it is probably true that there was no estate upon which to administer. But if an action may be maintained in this state by an administrator, we think it necessarily follows that the circuit court had jurisdiction to make the appointment. And it is immaterial in such case whether the decedent was a resident of the state of Illinois or of this state. The power to appoint an administrator in this state for the sole purpose of collecting a claim due to the decedent, has been too long authorized and recognized to be now questioned, and we do not understand

counsel to claim otherwise. The alleged want of power in the court to make the appointment is founded on the claim that there was no estate to be administered upon. As will be seen when we come to the third point in this opinion, we hold that the action may be maintained. The point now under consideration demands no further attention.

II. It appears from the record made in the appointment of the plaintiff as administrator that the application for the appointment was sworn to on the third day

*2. ——: appointment of administrator: qualification before appointment.* of July, 1882. The bond, and the jurat to the oath of the administrator indorsed thereon, were dated the same day. All of these papers were filed in the circuit court on the fifth day of July, 1882, and on that day the bond was approved, the order of appointment made, and the letters of administration issued. It is urged that the appointment was void because the oath was taken and the bond made before the appointment. Section 2362 of the Code requires that an administrator must give a bond before entering on the discharge of his duties, and section 2363 provides that he must take and subscribe an oath of office. The bond is required to be approved by the clerk. We think that the signing of the bond and oath before the appointment did not affect the jurisdiction of the court. It is surely no valid objection to the action of the court that a party appears before it with a bond and oath already prepared. They are presented for the approval and action of the court, and it is wholly immaterial whether dated before or after the order of appointment. We think the record shows that the plaintiff properly qualified as administrator.

III. The next question presented by counsel for appellant is, can an action be maintained in Iowa, by an

*3. JURISDICTION : cause of action arising under laws of another state: rule stated and applied.* Iowa administrator, upon this claim arising under the statute of Illinois? The statute of the state of Illinois authorizing actions for damages for the death of a person, caused by the wrongful act, neglect or default of another, is as follows:

"Section 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in such case, the person who, or company or corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony.

"Sec. 2. Every such action shall be brought by and in the name of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars; provided, that every such action shall be commenced within two years after the death of such person."

Michael Quigley, the deceased, left a widow and parents surviving him, and it is not disputed that an action would lie in the state of Illinois by an administrator appointed in that state. The law expressly so provides. Under the law of this state, "when an act produces death, the damages shall be disposed of as personal property belonging to the estate of the deceased, except that, if the deceased leaves a husband, wife, child or parent, it shall not be liable for the payment of debts." Code, § 2526. It will thus be seen that in both states the administrator of the deceased is the proper party plaintiff in the action, and it seems to us to follow that in both jurisdictions the administrator is required to receive

the amount recovered, and distribute it as provided by the respective statutes. By the statute of Illinois the assessment of the recovery is limited to $5,000. No such limitation is placed upon the statute of this state. By the statute of Illinois the recovery shall be for the exclusive benefit of the widow and next of kin of the deceased, while in Iowa the recovery shall be disposed of as other personal estate, except that it shall not be liable for the payment of debts, if the deceased leaves a husband, wife, child or parent. This distribution of the recovery by the administrator in this case would, therefore be to the same persons as if the admistration and action were had in the state of Illinois, and a judgment in this state would be a bar to an action in Illinois.

The plaintiff pleaded the statute of Illinois in his petition, and made his proof that the deceased left a wife and parents surviving him, and the court instructed the jury, in effect, that the recovery must be had as provided by the Illinois statute. The case differs from that of *Hyde v. Railroad Co.*, 61 Iowa, 441, where we held that no recovery could be had in the courts of this state for an injury resulting in death in Missouri, because, in that case, recovery was claimed under the statute of this state, and we held that, if an act of the character complained of, done in that state, did not create a liability there, there was no liability anywhere.

In *Leonard v. Columbia Steam Nav. Co.*, 84 N. Y., 48, where an action was brought in that state against the defendant by an administrator for damages for a wrongful act causing the death of the intestate in the state of Connecticut, it was held that the action could be maintained. The ground of the decision is that, although the right of action did not exist at common law, but was created by statute, yet it was transitory in its nature, and could be enforced in a foreign country where the laws of the country are of a similar nature. In other words, it is held that the action will lie unless the law and policy of the forum forbids its maintenance. The court said: "The rule here laid down is just and reasonable,

and it is not essential that the statute should be precisely the same as that of the state where the action is given by law, or where it is brought, but merely requires that it should be of similar import and character." It appears that there was such a law in the state of New York.

In *Dennick v. Railroad Co.*, 103 U. S., 11, plaintiff, as administrator, brought suit in the state of New York to recover damages for the death of the intestate by an accident on the defendant's road in New Jersey. It was contended that the action would not lie because it was only cognizable in the courts of New Jersey. It was held that the action could be maintained, and the decision is placed upon the broad ground that the action is transitory, and may be maintained in any forum, and that the venue is immaterial. We think that it has been generally held that where a right of action accrues by virtue of a statute of any state, the action may be maintained in any other state, if not contrary to the public policy or law of the place where suit is brought. See *King v. Sarria*, 69 N. Y., 24; *Phillips v. Eyre*, L. R. 6 Q. B., 1; *Wall .v. Hoskins*, 5 Ired. Law, 177; *Herrick v. Minneapolis & St. L. R. Co.*, 31 Minn., 11; *Boyce v. Wabash R'y Co.*, 63 Iowa, 70. In the last-named case, we cited with approval the cases of *Dennick v. Railroad Co.* and *Leonard v. Navigation Co.*, *supra*. It is not to be denied that there are cases not in accord with the rule of those above cited. See *Woodard v. Michigan S. & N. I. R. Co.*, 10 Ohio St., 121; *Richardson v. New York Cen. R. Co.*, 98 Mass., 85; and *McCarthy v. Chicago, R. I. & P. R. Co.*, 18 Kan., 46. The decisions in these and other cases relied upon by counsel for appellant we cannot approve, and we expressed our dissent from them in *Boyce v. Wabash R'y Co.*, *supra*.

It is not necessary that we should go further in this case than to hold that the action can be maintained, because the recovery sought is in accord with our laws and the policy of our state; and yet we think, as is said in *Dennick's Case*, *supra:* "It would be a very dangerous doctrine to establish

that in all cases where the several states have substituted the statute for the common law, the liability can be enforced in no other state but that where the statute was enacted and the transaction occurred."

AFFIRMED.