L. L. JOHNSON, Appellant, v. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

1 **Contributory Negligence:** RAILWAYS. One who has a clear view of the track, and, without excuse, fails to look and listen, can not recover for injuries received by a train, unless the person in charge of it sees his danger in time to avert it.

**Conflict of Laws:** WHEN LEX FORI GOVERNS. The state where an action is tried, the cause of which arose in another state, is not bound by rules of practice and decisions of that sister state which go, merely, to the remedy—as, that recovery may be had where plaintiff is less negligent than defendant.

ROBINSON, J., expresses no opinion on the last point, holding that the effect to be given the rule of comparative negligence adopted in the sister state, need not be determined in the case at bar.

KINNE, J., took no part.

*Appeal from Tama District Court.*—HON. L. G. KINNE,
Judge.

MONDAY, MAY 21, 1894.

THIS is an action at law to recover damages for a
personal injury sustained by C. S. Tenney, the assignor
of the plaintiff, by being struck by a locomotive engine
on defendant's railway.    There was a trial by jury.
At the close of the introduction of the evidence in
behalf of both parties, on motion of the defendant, the
court instructed the jury to return a verdict against the
plaintiff.   From a judgment on the verdict so returned,
the plaintiff appeals.—*Affirmed.*

*W. H. Stivers* for appellant.

*Hubbard & Dawley* for appellee.

ROTHROCK, J.—I.   The motion to direct a verdict
was in these words:   "*First.*   There was no evidence
that the defendant was guilty of any negligence which
caused the injury complained of.   *Second.* The undis-
puted evidence shows that C. S. Tenney was guilty of
negligence which contributed directly to the injury
complained of.   *Third.* Giving all of the evidence the
greatest weight in favor of plaintiff to which it is
entitled, there is no evidence to sustain a verdict in his
favor."   The motion was sustained upon the second
ground thereof, and the other grounds of the motion
do not appear to have been passed upon by the district
court.   Counsel have presented the case in this court
upon the other grounds of the motion as well as upon
that upon which the case was determined.   Our exam-
ination of the whole record, and a proper consideration
of the arguments of counsel, have led us to the conclu-
sion that the appeal should be determined without dis-
posing of any other question than the negligence of

Tenney, the assignor of the plaintiff. It appears from the evidence, that Tenney shipped a car load of cattle over defendant's railroad from Montour, in this state, to Chicago, Illinois. He accompanied the train to give attention to his cattle. When the train reached Franklin Grove, in the state of Illinois, it was placed on a side track, to allow another freight train, which was following it, to pass on ahead of the train which was side-tracked. It was in the night, and, when the train was placed on the side track, Tenney and another stock man, alighted from the way car in which they were riding, and went forward to look after the cattle. The distance between the main track and the side track was eight feet, and on the other side of the train which was sidetracked there were railroad ties piled up so near the side track that it was inconvenient to pass between the train and the ties so piled up. Tenney was on that side, and probably because the passage was narrow, he stooped and went under the train toward the main track, and went onto that track, when he was struck, and terribly injured, by the engine drawing the passing train. The headlight on the approaching train was lighted, and there is no evidence that Tenney looked to see if there was a train approaching on the main track. We think he was required to do so, and because of failure to exercise this imperative obligation, there can be no recovery. It is true, as claimed by appellant, that a failure to look and listen for an approaching train before going upon a railroad track is not, under all circumstances, contributory negligence, as matter of law. There may be complicating circumstances, calculated to deceive or throw a person off his guard, or he may be in terror from apparent peril or other facts, which would excuse the exercise of the care and prudence required by law. But the evidence in this case does not show any such a state of facts. In *Laverenz v. Railway Co.*, 56 Iowa, 689, 10 N. W. Rep.

268, it is said that: "Where a person voluntarily goes upon a railroad track, where there is an unobstructed view of the track, and fails, without excuse, to look or listen for danger, as matter of law, he is not entitled to recover. He must take his chances of injury from an approaching train upon himself, unless the persons in charge of the train see his danger in time to avert it." This principle has been frequently announced by this court, and it is unnecessary to cite the cases. It is claimed, however, that Tenney was confused, and in apparent peril, because of the narrow passageway between the ties and the standing train. We do not think this claim has any foundation in the evidence. This train was not in motion, and there had been no signal for it to start. The pile of ties did not tend to confuse him. A jury would not have been warranted in finding that there was any reason why he should be excused for walking on the track in front of the approaching engine.

II. It appears that the plaintiff is a resident of the state of Illinois, and that defendant is a corporation organized under the laws of that state, and that, for some reason, the action was brought in this state. The plaintiff claims that the right of recovery should be controlled by the laws of the state of Illinois, by which it is provided that, if any railroad train shall "be operated through the incorporated limits of any city or town at a greater rate of speed than is permitted by any ordinance of such city or town, such railroad company shall be liable to the persons aggrieved for all damages done to the person or property by such train *and the same shall be presumed to have been done by the negligence of said railroad company*." It was further claimed that, at the time Tenney was injured, there was an ordinance of the town of Franklin Grove in force by which freight trains were prohibited from being run through said town at a rate of speed exceeding six miles

an hour. This statute and ordinance were set out in the petition, and, on motion of the defendant, the averments of the petition in reference thereto were stricken from the petition. It is claimed that this ruling was error. It is also urged that the doctrine of comparative negligence which has been established by the decisions of the courts of Illinois is applicable to this case. In other words, the contention is that, as the cause of action arose in the state of Illinois, not only the statute which presumes negligence when the injury occurs by reason of the violation of the ordinance, but the doctrine of comparative negligence, should be adopted in the trial of the case in this state. A large number of authorities are cited in support of the principle contended for. They are all cases in which the well known rule is applied which holds that, where suit is brought upon a cause of action which occurred in another state, it may be maintained, if the laws of the said state relating to the same subject are of similar import, though they be not precisely the same, or not contrary to the public policy of the state where the suit is brought. This principle has been adopted by this court in *Boyce v. Railway Co.*, 63 Iowa, 70, 18 N. W. Rep. 673, and in *Morris v. Railway Co.*, 65 Iowa, 727, 23 N. W. Rep. 143, in which cases nearly all the authorities presented by counsel are cited.

There is no question as to the right to maintain an action in this state. But the claim that the courts of this state must, in any case, adopt rules of practice of another state which pertain merely to the weight of evidence,—as that a fact may be presumed without evidence, or that a recovery may be had because defendant was chargeable with a greater degree of negligence than plaintiff—is unsound and such rules can have no application to the trial of cases in our courts, because they pertain to the remedy, and are in no sense causes of action. In *Knight v. Railroad Co.*, 108 Pa. St. 250, it is said: "The statute of another state has

no extraterritorial force, but rights under it, will always, in comity, be enforced, if not against the policy of the laws of the forum. In such cases, the law of the place where the right was acquired or the liability was incurred will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought." See, also, *Herrick v. Railway Co.*, 31 Minn. 11, 16 N. W. Rep. 413. Applying this principle to the case at bar, there was no error in sustaining the motion to strike the said allegations from the petition. There is no other question in the case, and the judgment of the district court is AFFIRMED.

KINNE, J., took no part in the decision of this case.

ROBINSON, J., assents to the conclusion announced, but does not think the effect which should be given, in this state, to the rule of comparative negligence in such cases as this, is necessarily involved in a determination of the case, and as to that, expresses no opinion.