# CHARLESTON.

WELLS v. KANAWHA & MICHIGAN RAILWAY COMPANY.

Submitted October 3, 1916.     Decided October 10, 1916.

ACTION—*Pleading—Misjoinder of Causes—Demurrer.*

Two causes of action, one arising out of injury to property, and the other arising out of contract, can not be joined; and the defect may be taken advantage of on demurrer to the declaration.

Error to Circuit Court, Putnam County.

Action by R. M. Wells, Sr., against the Kanawha & Michigan Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*W. W. King* and *Leroy Allebach,* for plaintiff in error.

*H. W. Bowers,* for defendant in error.

MASON, JUDGE:

This is an action of trespass on the case. The declaration contains two counts; one for damages for negligently and wrongfully killing plaintiff's horse, whereby it is alleged the plaintiff sustained damages to the amount of $500.00; and the other count for breach of a contract, alleging that ''the said defendant before the committing of the grievances hereinbefore mentioned, had made and entered into a contract with the said plaintiff, in which contract the said defendant. agreed to build and forever keep in repair, a good and lawful fence on both sides of defendant's railroad running through said plaintiff's lands, and to make and keep proper farm crossing over said defendant's railroad running through and over said plaintiff's land, and to make and forever keep proper cattle guards at the private crossings on said plaintiff's land, and to build and forever maintain good and proper gates at said crossings'', and avering that the defendant wholly neglected and refused to keep in repair said fences, and to construct and keep said crossings, and to keep and repair proper gates at the crossings, etc., to the damage of the plaintiff to the amount of $500.00.

The defendant demurred to the declaration and to each count thereof.

It is a well settled elementary principle of law that counts for tort can not be joined with counts upon contract.

"Two causes of action, one arising out of injury to property, and the other out of contract, were improperly joined, and the defect may be taken advantage of on demurrer." *Booth* v. *National Bank,* 1 Thomp. & Cook, (N. Y. Sup. Ct.) 45.

"In order to prevent the confusion which might ensue, if different forms of actions, requiring different pleas and different judgments, and of different nature, were allowed to be joined in one action, it is a general rule, that actions in form *ex contractu* can not be joined with those in form *ex delicto.*" 1 Chitty on Pleading, (16th Amer. Ed.), sec. 223.

"Causes of action *in tort* can not be joined with causes arising *out of contract.*"  4 Minor's Institutes, 446.

"When there are two counts in a declaration: one in assumpsit, founded on the alleged promise of the defendant; the other for the negligence, or want of care of the defendant, and sounding in tort; and issue was joined upon the plea of non-assumpsit, and a general verdict for the plaintiff; upon motion, judgment was arrested." *Peabody* v. *Kinsley,* 40 N. H. 416.

"The rule governing the joinder of actions is laid down by the different authors with a singular harmony of expression, and is coached in words few and simple; and all agree in declaring that, 'when the same plea may be pleaded, and the same judgment given on all the counts of the declaration; or whenever the counts are of the same nature, and the same judgment is to be given on them all, they may be joined.' "  Hogg's Pleading and Forms, section 169.

"It follows as a logical sequence from the preceding rule that counts *ex delicto* can not be joined in the same declaration with those *ex contractu.*   Hence, where one of the counts in the declaration is in *case* for a tort, and another in *assumpsit,* a general demurrer to the declaration for such misjoinder will be sustained.   Nor can actions *ex contractu* be joined with actions *ex delicto.*   Consequently assumpsit can

not be joined with trespass on the case." Hogg's Pleading and Forms, section 170.

The plaintiff having improperly joined two causes of action, one arising out of injury to property, and the other out of contract, the demurrer to the declaration should have been sustained, with leave to the plaintiff to amend his declaration if he desired to do so.

The judgment of the circuit court is reversed, the verdict set aside, the demurrer to the declaration sustained, and the case is remanded to the circuit court with leave to the plaintiff to amend his declaration if he desires to do so.

*Reversed and remanded.*