## CHARLESTON.

GARFIELD HUNTER *v.* ELMO GORE *et als.*

T. S. HATFIELD *v.* EMMETT SCAGGS *et als.*

(Nos. C. C. 407, 408)

Submitted January 11, 1928. Decided January 17, 1928.

ACTIONS—*Cause of Action on Which Defendants Are Jointly Liable Cannot be Joined With Another on Which Only One is Liable.*

A cause of action upon which defendants are jointly liable cannot be joined with another. upon which one of the defendants alone is liable.

(Actions, 1 C. J. § 223.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Cases Certified from Circuit Court, Logan County.

Separate actions by Garfield Hunter against Elmo Gore and others and by T. S. Hatfield against Emmett Scaggs and others to recover salaries as *de jure* officers. The trial court in each case sustained a demurrer to a special count of the declaration, and overruled the demurrer as to the declaration as a whole, and as to the first count thereof, and certified its rulings. Cases heard together on appeal.

*Rulings reversed; general demurrers sustained.*

*Lively & Stambaugh,* for plaintiffs.
*Chas. L. Estep,* for defendants

WOODS, JUDGE:

Certain rulings of the circuit court of Logan county in regard to the sufficiency of the declarations in the two foregoing cases have been certified to this Court for review. Both declarations contain the common counts of *indebitatus assumpsit* together with a special count, and are similar as to form and substance. The trial court, in each case, sustained the demurrer to the special count, and overruled it as to the declaration as a whole and to the first count thereof.

The special count in the first case charges that the plaintiff was a candidate for the office of assessor in November, 1924; that he received a majority of the votes for said office, which entitled him to the salary, fees, emoluments and perquisites of the office; that notwithstanding this the principal defendant (Gore) entered into a bond with certain other defendants, as sureties thereon, and entered into said office and wrongfully and illegally held and deprived plaintiff of same for a period of sixteen months, and received the salary, fees, emoluments and perquisites amounting to a stated sum to which, plaintiff was entitled; that the several defendants promised to pay said sum, but that notwithstanding said promises they have refused so to do.

A *de jure* officer is here seeking to set up a right to a recovery against a *de facto* officer, by reason of the intrusion of the latter into office, and his receipt of the emoluments therefor. Assuming for the purpose of this case that such a recovery may be had upon a proper pleading, a question we do not decide, let us examine the present declaration. Considering the special count in connection with the common count in *indebitatus assumpsit* for money received by the several defendants for the use of the plaintiff, it would appear that the action is based wholly upon an implied promise. But if such be the case, what is the status of the so-called "sureties" in the special count? While the latter avers that a bond was entered into, and that the principal wrongfully entered into and held the office and deprived the plaintiff of the salary, etc., it does not contain a charge to the effect that the sureties received any part thereof; in fact, it does not even

disclose the nature of the bond under which the sureties are sought to be held.   We cannot infer that it was the statutory bond required of a duly elected sheriff.   Treating the special count as based on an implied promise (the only theory upon which it can be reconciled with the common count), it is good only as to the principal defendant and not to the sureties. Under this state of the pleading, can the declaration stand? The general rule is that in order that causes of action against several defendants may be joined, they must each affect all of the defendants.   It is also true that a cause of action upon which defendants are jointly liable cannot be joined with another upon which one of the defendants alone is liable. 1 C. J. 1072; *Miller* v. *Bank,* 34 Miss. 412; *Moore* v. *Platte County,* 8 Mo. 467; *Ridgley* v. *Walker,* 81 N. J. L. 176; *Mc-Mullin* v. *Church,* 82 Va. 501.   The common count, as we have noted, declares upon a joint promise and nothing else.   Since the special count declares upon a promise upon which but one of the defendants alone is liable, the declaration presents a clear case of misjoinder of actions, and is therefore demurrable.   Then again, the special count may be said to be in the nature of one sounding in tort, which would likewise render the declaration demurrable, since the first count sounds in contract.   *O'Neal* v. *Transportation Co.,* 99 W. Va. 456. These same principals apply to the second case, which involves the office of sheriff.

The other questions raised are based on the theory that there was a contest over the election of the officers concerned. Such fact does not appear on the face of the pleading.   We cannot decide supposititious cases.   Upon certificate, this Court may not travel outside of the declaration, but must test the pleadings by the statements contained therein.

The lower court is reversed in its action overruling the demurrer to the first count of the declaration in each case.

*Rulings reversed; general demurrers sustained.*