JOHN W. POLING *v.* MARIE W. POLING

(CC 520)

Submitted February 29, 1935. Decided March 12, 1935.

188

*Victor H. Shaw,* for plaintiff.
*Frank C. Haymond,* for defendant.

MAXWELL, JUDGE:

On this certification there is presented for review the order of the circuit court of Marion County overruling the demurrer to the declaration and sustaining demurrers to the two pleas in abatement.

The action is by a husband against his wife to recover damages for personal injuries alleged to have been received by him, in a road accident, while a passenger in an automobile owned by his wife, and being operated by her on the Lee Highway, in De Kalb County, Alabama. The injuries are attributed to her negligent driving. The wife resides in Washington, D. C., the husband in said county of Marion, where this action was brought and she was served with process.

The first plea in abatement challenges the jurisdiction of the trial court. A right of action to recover damages for a tort is transitory, and, as a general rule, may be maintained wherever the alleged wrongdoer may be found. 5 Ruling Case Law, page 1035; *Owen* v. *Power Co.,* 78 W. Va. 596, 89 S. E. 262. By statute of this state, a suit may be brought against one or more non-residents of the state in a county where any of them is found and served with process, or may have estate or debts due him or them. Code, 56-1-1 (d). Cf. *Marsh* v. *O'Brien,* 82 W. Va. 508, 96 S. E. 795; *Coulter* v. *Blatchley,* 51 W. Va. 163, 41 S. E. 133. The plea to the trial court's jurisdiction was therefore not well founded. Demurrer thereto was properly sustained.

By the second plea in abatement, there is brought in question the right of a spouse to maintain in this jurisdiction an action of tort against his or her consort. Since it appears from the face of the declaration that the parties to the action are husband and wife, respectively, there arises on the demurrer to the declaration the same question that is presented by the second plea.

In Alabama, where the cause of action arose, one spouse may maintain an action of tort against the other. *Johnson* v. *Johnson*, 201 Ala. 41, 77 So. 335; *Penton* v. *Penton*, 223 Ala. 282, 135 So. 481. The plaintiff urges that, on the principle of comity which obtains among the states of the Union, there should be applied herein the *lex loci delicti commissi* and that he be permitted to maintain this action. It is a general rule, applicable to both torts and contracts, that the *lex loci* is determinative of the right of action. It is likewise a general proposition that courts of other jurisdictions will give effect to rights which are created or recognized by the *lex loci*, but there is an exception which is as fundamental as the rule itself, and that is, that the *lex loci* must give way when it comes in conflict with the law or public policy of the *lex fori*. 12 Corpus Juris, page 438. ''Where a right of action accrues by virtue of a statute of any state, the action may be maintained in any other state if not contrary to the public policy or law of the state where the suit is brought.'' *Morris* v. *Railroad Co.*, 65 Iowa 727, 23 N. W. 143. As to actions on contracts, see *Campen Bros.* v. *Stewart*, 106 W. Va. 247, 145 S. E. 381.

The common law is the basis of the jurisprudence of this state. Constitution of West Virginia, Article VIII, section 21. Its principles are controlling, save as changed by statute. Under the common law, one spouse can not maintain against the other an action for damages for personal injuries arising within the period of the marriage. 30 Corpus Juris, page 954; Madden on Domestic Relations, page 220; *Strom* v. *Strom*, 98 Minn. 427, 107 N. W. 1047. That is the law of this state today unless it has been changed by statute. Plaintiff's contention that there has been such a change is sought to be based on Code, 48-3-19. It reads:

"A married woman may sue or be sued alone in any court of law or chancery in this State that may have jurisdiction of the subject matter, the same in all cases as if she were a single woman, and her husband shall not be joined with her in any case unless, for reasons other than the marital relation, it is proper or necessary, because of his interest or liability, to make him a party. In no case need a married woman, because of being such, prosecute or defend by guardian or next friend."

It is urged that the provision that a married woman may sue or be sued "the same in all cases as if she were a single woman" is of sufficient breadth to include actions between husbands and wives. That result would be possible only if great liberality of construction were proper to be applied. But such would not be the correct manner of approach. There is a fundamental rule that statutes in derogation of the common law are to be strictly construed. *Kellar* v. *James,* 63 W. Va. 139, 59 S. E. 939; *State* v. *Grymes,* 65 W. Va. 451, 456, 64 S. E. 728; II Sutherland Statutory Construction (2d Ed.), sec. 454. "Statutes in derogation of the common law are allowed effect only to the extent clearly indicated by the terms used." *Bank* v. *Thomas,* 75 W. Va. 321, 83 S. E. 985. A fundamental and time-honored principle of the common law is not to be deemed uprooted by implication.

In changing certain common law provisions in respect of the rights of married women, the legislature has been specific and unequivocal. For example: a married woman may become a business partner with any person "including her husband." Code, 48-3-18. She shall be liable for her tortious acts, and her husband shall not be liable therefor unless he instigated them. Code, 48-3-20. These departures from the common law are clear and specific. It is but reasonable to assume that if the legislature had intended to change the common law so that husbands and wives could maintain tort actions against each other, the expression of that intent would have been explicit, as in the two departures instanced. Evidently the purpose of the act was not to authorize damage actions between spouses, but to make it possible for a married woman

to sue, or be sued by, a third person, without her husband's being joined with her as plaintiff or defendant, as was required by the common law.

In *Thompson* v. *Thompson,* 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180, the Supreme Court of the United States had under consideration a statute pertaining to the District of Columbia very similar to ours (above quoted). By the statute there under attention married women were authorized to sue separately for "the recovery, security, or protection of their property, and for torts committed against them, as fully and freely as if they were unmarried." In respect thereof the court said: "The limitation upon her right of action imposed in the requirement of the common law that the husband should join her was removed by the statute, and she was permitted to recover separately for such torts, as freely as if she were still unmarried. The statute was not intended to give a right of action as against the husband, but to allow the wife, in her own name, to maintain actions of tort which, at common law, must be brought in the joint names of herself and husband."

A radical departure from the common law, such as the authorization of damage actions between spouses, should be given birth only through unequivocal legislative enactment. *Thompson* v. *Thompson, supra.* A change like that should not come about through judicial interpretation of a statutory provision, which indicates legislative intent to deal with matters other than those arising between husband and wife. Therefore we consider that the common law rule precluding personal tort actions between husband and wife has not been abrogated in this state.

Notwithstanding, under comity, courts may give recognition to a right originating in another state and founded on the law thereof, though that law does not harmonize with the law of the forum (Minor, Conflict of Laws, sec. 196; *Dulin* v. *McCaw,* 39 W. Va. 721, 730, 20 S. E. 681), such extension of interstate courtesy will be reluctantly accorded, 5 Ruling Case Law, p. 911; and will be denied if the *lex loci* contravenes the policy of the law of the forum, 12 Corpus Juris, p. 439. Where, in the conflict of laws, there arises doubt as to which shall prevail,

"the court, which decides, will prefer the laws of its own country (state) to that of the stranger." Story on Conflict of Laws (8th Ed.), sec. 28.

"The (public) policy of a state or nation must be determined by its Constitution, laws, and judicial decisions, not by the varying opinions of lawyers or judges as to the demands or interest of the public." *Southern Pacific Co.* v. *Dusablon,* 48 Tex. Civ. App. 203, 106 S. W. 766. "When the Legislature has acted upon a subject upon which it has power to legislate, public policy is what the statute passed by it indicates." *People* v. *Shedd,* 241 Ill. 155, 89 N. E. 332. "The public policy of the government is to be found in the Constitution and the laws, and the course of administration and decision." *St. Louis Mining & Milling Co.* v. *Montana Mining Co.,* 171 U. S. 650, 19 S. Ct. 61, 43 L. Ed. 320. The public policy of the state means "the law of the state, whether found in the constitution, the statutes, or judicial records." *Straus & Co.* v. *Canadian Pac. Ry. Co.,* 254 N. Y. 407, 173 N. E. 564. Cf. *Chubbuck v. Holloway,* 182 Minn. 225, 234 N. W. 314.

Since under both constitutional provision (West Virginia Constitution, Article VIII, section 21) and legislative enactment (Code, 2-1-1) the common law is the basis of the jurisprudence of this state, reference must be had thereto in determining the public policy of the state in respect of a subject concerning which it (the common law) makes provision. That law does not permit a husband to sue his wife for damages for personal injuries. Such concept reflects the public policy of this state, pertinent to the subject.

The Alabama rule, permitting a husband or wife to sue the other for damages for personal injuries, not only is at variance with and in contravention of the common law, but is out of harmony with pronounced public policy of this state. We have no case presenting the precise question here under consideration, but we have a closely analogous case, *Securo* v. *Securo,* 110 W. Va. 1, 156 S. E. 750. That was an action by a girl of sixteen against her father for damages for personal injury occasioned by his negligence in operating an automobile in which she was a passenger. We held that such actions would

tend to the disruption of family life, and therefore it was against the policy of the law to permit them to be maintained. The same reasoning should be applied to tort actions between husbands and wives. To allow actions for damages between spouses for alleged personal injury would involve the placing of an additional strain on the marriage relation. The state is vitally concerned in maintaining that relationship and not in facilitating its disruption by authorizing personal injury actions between them—"another step to destroy the sacred relation of man and wife, and to open the door to lawsuits between them for every real and fancied wrong,—suits which the common law has refused on the ground of public policy." *Bandfield* v. *Bandfield*, 117 Mich. 80, 75 N. W. 287, 40 L. R. A. 757.

It has been suggested that the common law rule precluding such actions is grounded on the legal fiction of the unity of husband and wife. Perhaps that fiction played its part, but we are impressed, as was the Michigan court in the *Bandfield* case, that the rule is founded in wisdom; and, whatever may have been the original theory of the rule, in our judgment the fullness of time has justified its existence. Considering the fact that the legislature has made material changes in the common law rights and liabilities of married women, its failure to authorize tort actions between them and their husbands is strongly indicative of legislative approval of and satisfaction with the common law rule.

In the light of these principles, we conclude that defendant's second plea in abatement presented a complete defense to the action, and that the demurrer to said plea should have been overruled. By the same standards, the demurrer to the declaration should have been sustained and the action dismissed.

For the reasons set forth, we sustain the demurrer to the declaration and dismiss the action.

*Reversed and dismissed.*