THOMAS J. WRIGHT, *As Administrator, Etc.*

*v.*

EDWINA DAVIS, *et al., Administratrices, Etc., et al.*

(CC 748)

Submitted April 12, 1949. Decided May 3, 1949.

*Herschel Rose, Jr.,* for plaintiff.

*Linn Mapel Brannon* and *Charles N. Bland,* for defendants.

HAYMOND, PRESIDENT:

This action was instituted in the Circuit Court of Marion County by the plaintiff, Thomas J. Wright, as administrator of Nellie Marie Yost, deceased, to recover damages in the amount of $10,000.00 from the defendants, Edwina Davis and Vivian Andrews, as administratrices of Ernie Lee Russell Yost, deceased. The circuit court sustained the demurrer of the defendants to the declaration and, on its own motion, certified its ruling to this Court.

Ernie Lee Russell Yost and Nellie Marie Yost were married October 26, 1942, and lived together as husband and wife until January 2, 1948, when, because of domestic troubles, they separated and after that date they never

again lived together. On February 18, 1948, the wife instituted a suit for divorce against the husband in which she charged him with cruel or inhuman treatment. On April 7, 1948, during the pendency of this suit, and while they were living separate and apart from each other, but before the entry of a decree dissolving the marriage, the husband shot and instantly killed his wife. He then shot himself and, on April 8, 1948, died as the result of his self inflicted gun shot wound.

The question certified is whether a cause of action exists in favor of the personal representative of a deceased wife against the personal representatives of her deceased husband for the death of the wife which resulted from the wrongful act of the husband committed during the continuance of the marriage but after the spouses had become estranged and had finally separated and ceased to live together as husband and wife.

The action is based upon Code, 1931, 55-7-5, which in part provides that: "Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree, or manslaughter. * * *." This Court has said that this statute gives a right of action to the personal representative of the deceased only in case the deceased might have maintained an action, but failed to do so, against a defendant who is liable for damages. *Hoover's Adm'x. v. Chesapeake & O. Ry. Co.,* 46 W. Va. 268, 33 S.E. 224.

The common law is the basis of the jurisprudence of this State. Such parts of the common law as were in force

when the Constitution of 1872 became operative and as are not repugnant to that Constitution were, by Article VIII, Section 21, declared to be the law of this State until altered or repealed by the Legislature. At common law one spouse can not maintain an action at law against the other for damages for personal injuries. The statutes of this State which remove certain common-law disabilities of a married woman, and permit her to sue and be sued, do not change the common-law rule in this respect. *Staats v. Co-Operative Transit Company*, 125 W. Va. 473, 24 S.E. 2d 916; *Poling v. Poling*, 116 W. Va. 187, 179 S.E. 604. No statute of this State authorizes or permits one spouse to sue the other spouse at law to recover damages for personal injury or other tort.

In *Poling v. Poling*, 116 W. Va. 187, 179 S.E. 604, in which a husband instituted an action against his wife to recover damages for personal injuries negligently caused by her in Alabama where, by statute, one spouse is permitted to sue another for such injuries, this Court, in denying his right to maintain the action in this State, said in the syllabus: "An action at law by a husband against his wife for damages for personal injuries is against the policy of the law of this state and cannot be maintained, though sustainable under the law of the state where the injuries were received." In discussing tort actions between husbands and wives this Court, in the opinion, used this language: "To allow actions for damages between spouses for alleged personal injury would involve the placing of an additional strain on the marriage relation. The state is vitally concerned in maintaining that relationship and not in facilitating its disruption by authorizing personal injury actions between them—'another step to destroy the sacred relation of man and wife, and to open the door to lawsuits between them for every real and fancied wrong, —suits which the common law has refused on the ground of public policy.' *Bandfield v. Bandfield,* 117 Mich. 80, 75 N. W. 287, 40 L. R. A. 757." Though there are some decisions to the contrary on this question, *Fitzpatrick v.*

*Owens,* 124 Ark. 167, 186 S. W. 832, 187 S. W. 460, L. R. A. 1917B, 774, Ann. Cas. 1918C, 772; *Robinson's Adm'r. v. Robinson,* 188 Ky. 49, 220 S. W. 1074; *Brown v. Brown,* 88 Conn. 42, 89 A. 889, 52 L. R. A. (N.S.) 185, Ann. Cas. 1915D, 70; *Gilman v. Gilman,* 78 N. H. 4, 95 A. 657, L. R. A. 1916B, 908, the conclusion reached in the *Poling* case that, in the absence of statute permitting it, one spouse can not during coverture maintain an action at law against the other upon a claim arising in tort, is in accord with the holdings of the courts of last resort in numerous other jurisdictions, *Thompson v. Thompson,* 218 U. S. 611, 31 S. Ct. 111, 54 L. ed. 1180, 30 L. R. A. (N.S.) 1153, 21 Ann. Cas. 921; *Keister's Adm'r. v. Keister's Ex'rs.,* 123 Va. 157, 96 S.E. 315, 1 A. L. R. 439; *Aldridge v. Tracy,* 222 Iowa 84, 269 N. W. 30; *In re Dolmage's Estate,* 203 Iowa 231, 212 N. W. 553; *Austin v. Austin,* 136 Miss. 61, 100 S. 591, 33 A. L. R. 1388; *Wilson v. Brown,* Tex. Civ. App., 154 S. W. 322; *Raines v. Mercer,* 165 Tenn. 415, 55 S. W. 2d 263; *Wilson v. Barton,* 153 Tenn. 250, 283 S. W. 71; *Schultz v. Schultz,* 89 N .Y. 644; *Longendyke v. Longendyke,* 44 Barb. (N.Y.) 366; *Freethy v. Freethy,* 42 Barb. (N.Y.) 641; *Hobbs v. Hobbs,* 70 Me. 381; *David v. David,* 161 Md. 532, 157 A. 755, 81 A. L. R. 1100; *Harvey v. Harvey,* 239 Mich. 142, 214 N. W. 305; *Bandfield v. Bandfield,* 117 Mich. 80, 75 N. W. 287, 40 L. R. A. 757, 72 Am. St. Rep. 550; *Patenaude v. Patenaude,* 195 Minn. 523, 263 N. W. 546. See also *Demos v. Freemas,* 43 Ohio App. 426, 183 N. E. 395; *Drum v. Drum,* 40 Vroom, N. J., 557, 55 A 86; *Miller v. Miller,* 44 Pa. 170. This Court is committed to the doctrine of the *Poling* case which is now reaffirmed as supported by ample authority, as sound in principle, and as consonant with recognized public policy. As the wife, Nellie Marie Yost, could not have maintained an action at law against her husband for damages for her injury if it had not resulted in her death, her personal representative can not maintain this action against his personal representatives for damages for her wrongful death.

The plaintiff, although recognizing the force and the effect of the holding in the *Poling* case, vigorously con-

tends that the rule of that case does not apply to the present action because the Yosts had become estranged and had, as it in fact developed, finally and permanently separated at the time of the commission of the act of the husband which caused the death of his wife. The plaintiff argues that the husband and the wife in the *Poling* case were friendly and living together at the time of the negligent act of the wife which resulted in injury to the husband and that the litigation between them would naturally tend to disrupt and destroy their existing friendly relations. He insists that the situation which existed between the Yosts was entirely different; that they had finally separated and were estranged and embittered toward each other; that litigation between them could not add to their mutual attitude of hostility; and that, as no vestige of a friendly relationship remained between them, it could not be impaired or destroyed by any action which she might have instituted against him. He contends that, because the reason which supports and justifies the rule is absent, the rule does not apply in this case.

The foregoing argument is not persuasive. It overlooks the vital considerations that, though the Yosts had separated, their marriage was valid and subsisting; that they were still husband and wife; and that, while that relation existed between them, there was always the possibility, however remote it may have been, of a reconciliation which would terminate their estrangement. The law favors compromise and reconciliation of differences between persons whose disagreements give rise to litigation. See *State ex rel. Showen v. O'Brien,* 89 W. Va. 634, 109 S.E. 830; *Davis v. Lilly,* 96 W. Va. 144, 122 S.E. 444; *Caperton's Adm'r. v. Caperton's Heirs,* 36 W. Va. 635, 15 S.E. 149; *Weade v. Weade,* 153 Va. 540, 150 S.E. 238; *Eggleston v. Crump,* 150 Va. 414, 143 S.E. 688; *Cary v. Harris,* 120 Va. 252, 91 S.E. 166. "Courts never encourage litigation, but look with favor on adjustment of differences, and this is especially true in family disputes." *Carstarphen v. Carstarphen,* 193 N. C. 541, 137 S.E. 658. "The well-being and good order of society demand that husbands and wives

shall in good faith endeavor to reconcile their differences and dwell together in unity and peace rather than to make occasion for resort to the courts for redress." *Devers v. Devers,* 115 Va. 517, 79 S.E. 1048. So long as the marriage relation exists between a man and a woman the policy of the law is to discourage litigation between them which can only tend to aggravate the existing situation, whatever it may be, and however bitter or hopeless it may seem. In consequence it forbids the institution and the maintenance of an action at law by one spouse against the other for damages for a tort committed during coverture. *Poling v. Poling,* 116 W. Va. 187, 179 S.E. 604. The reason which justifies this principle has not been removed from this case by the bitterness which existed between the Yosts, their separation, or by their conduct toward each other; and their mutual resentment or hostile acts did not render it inoperative or ineffective or permit the wife or her personal representative to seek relief in litigation of this character.

The action of the circuit court in sustaining the demurrer of the defendants was correct and its ruling is affirmed.

*Ruling affirmed.*