LUCILE CAMPBELL

*v.*

RILEY N. CAMPBELL, *et al*

(CC855)

Submitted May 3, 1960.          Decided May 24, 1960.

No appearance for plaintiff.

*Fletcher W. Mann,* for defendants.

HAYMOND, JUDGE:

This is a suit in equity instituted in the Circuit Court of Wyoming County in March 1959, in which the plaintiff, Lucile Campbell, a married woman, seeks to recover damages from the defendants, Riley N. Campbell, her husband, and his insurer State Farm

Mutual Automobile Insurance Company, for personal injuries caused by the alleged negligence of her husband while she was riding as a guest in an automobile owned and operated by him on a public street in the City of Miami, Florida, on March 22, 1958.

The defendants filed their written demurrer to the bill of complaint and challenged its legal sufficiency and in substance assert as grounds of demurrer that it does not state a cause of action against the defendants, that its allegations show that equity does not have jurisdiction of this suit, that in this State a wife can not maintain an action against her husband for personal injuries caused by his negligence, and that the defendant insurance company is not a proper party to this suit because under its policy of insurance with the husband it incurs no obligation to pay the plaintiff unless liability of its insured has been determined which has not been done.

The circuit court overruled the demurrer and on its own motion certified the questions arising upon the demurrer to this Court. The questions certified are: (1) Whether a court of equity has jurisdiction of the claim set forth in the bill of compaint; (2) whether a wife may maintain a suit in equity against her husband and his insurer for personal injuries caused by his negligence while operating an automobile in which his wife was riding as a guest; and (3) whether the insurer is a proper party defendant to this suit.

As the sole relief sought by the plaintiff is a recovery of damages from her husband and his insurer for personal injuries caused by the alleged negligence of the husband it is clear that, if she is entitled to maintain any proceeding against them for that purpose, the plaintiff has a complete and adequate remedy for the recovery of such damages in an action at law. This Court has repeatedly and uniformly held in many cases that equity does not have jurisdiction of a case in which a plaintiff has a full, complete and adequate remedy at law, unless some peculiar feature of the case

comes within the province of a court of equity. *Pownall v. Cearfoss,* 129 W. Va. 487, 40 S. E. 2d 886; *Kwass v. Kersey,* 139 W. Va. 497, 81 S. E. 2d 237, 47 A.L.R. 2d 695; *Slater v. Varney,* 136 W. Va. 406, 68 S. E. 2d 757, 70 S. E. 2d 477; *Lake O'Woods Club v. Wilhelm,* 126 W. Va. 447, 28 S. E. 2d 915; *Irons v. Bias,* 85 W. Va. 493, 102 S. E. 126; *United States Fidelity and Guaranty Company v. Home Bank for Savings,* 77 W. Va. 665, 88 S. E. 109; *Maxwell v. Davis Trust Company,* 69 W. Va. 276, 71 S. E. 270; *Laidley v. Laidley,* 25 W. Va. 525. Further citation of authority is unnecessary in support of this firmly established principle of law in this State; and no peculiar feature which would bring this case within the jurisdiction of a court of equity appears from the allegations of the bill of complaint. In consequence equity is without jurisdiction to entertain this suit.

At common law one spouse can not maintain an action at law against the other for damages for personal injuries; and the statutes of this State which remove certain common law disabilities of a married woman, and permit her to sue and to be sued, do not change the common law rule in this respect. *Wright v. Davis,* 132 W. Va. 722, 53 S. E. 2d 335; *Staats v. Co-Operative Transit Company,* 125 W. Va 473, 24 S. E. 2d 916; *Poling v. Poling,* 116 W. Va. 187, 179 S. E. 604. No statute of this State authorizes or permits one spouse to sue the other spouse at law to recover damages for personal injury or other tort. In *Poling v. Poling,* 116 W. Va. 187, 179 S. E. 604, in which a husband instituted an action against his wife to recover damages for personal injuries negligently caused by her in Alabama where by statute one spouse is permitted to sue another for such injuries, this Court, in denying his right to maintain an action in this State, said in the syllabus: "An action at law by a husband against his wife for damages for personal injuries is against the policy of the law of this state and cannot be maintained, though sustainable under the law of the state where the injuries were received."

In discussing tort actions between husbands and wives this Court, in the opinion, used this language: "To allow actions for damages between spouses for alleged personal injury would involve the placing of an additional strain on the marriage relation. The state is vitally concerned in maintaining that relationship and not in facilitating its disruption by authorizing personal injury actions between them—'another step to destroy the sacred relation of man and wife, and to open the door to law suits between them for every real and fancied wrong,—suits which the common law has refused on the ground of public policy.' *Bandfield v. Bandfield*, 117 Mich. 80, 75 N. W. 287, 40 L.R.A. 757." Though there are some decisions to the contrary on this question the conclusion reached in the *Poling* case that, in the absence of statute permitting it, one spouse can not during coverture maintain an action at law against the other upon a claim arising in tort, is in accord with the holdings of the courts of last resort in numerous other jurisdictions. This Court is committed to the doctrine of the *Poling* case which is supported by ample authority, is sound in principle, and is consonant with recognized public policy. *Wright v. Davis*, 132 W. Va. 722, 53 S. E. 2d 335. In this State a wife can not recover damages from her husband for personal injuries caused by his negligence and can not maintain an action at law or a suit in equity against him for that purpose.

The insurance policy between the husband and his insurer does not require the insurer to pay to the relief of the insured any damages for bodily injuries sustained by any person caused by accident and arising from ownership, maintenance or use of the automobile of the insured until the insured shall become legally obligated to pay such damages, and as such liability of the insured has not been determined but is sought to be determined in this proceeding, the plaintiff has no cause of action against the insurer for the recovery of damages and the insurer is not a proper party defendant to this suit. Any obligation of the in-

surer to pay in behalf of the insured damages which the insured is legally obligated to pay is based upon and arises from the contract of insurance between the insured and the insurer. For that reason the claim of the plaintiff based on the contract of insurance, being contractual in character, can not be joined in the same proceeding with the claim of the plaintiff for damages based upon and arising from a tort. *Hunter v. Gore,* 105 W. Va. 1, 141 S. E. 393; *Siever v. Klots Throwing Company of West Virginia,* 101 W. Va. 457, 132 S. E. 882; *Shepherd v. Pocahontas Transportation Company,* 100 W. Va. 703, 131 S. E. 548; *O'Neal v. Pocahontas Transportation Company,* 99 W. Va. 456, 129 S. E. 478; *Wells v. Kanawha and Michigan Railway Company,* 78 W. Va. 762, 90 S. E. 337. In the *O'Neal* case this Court held in point 1 of the syllabus that "The joinder in a declaration of a cause of action sounding in contract with one sounding in tort is a misjoinder of causes of action, and makes the declaration demurrable."

The bill of complaint shows a misjoinder of two separate and distinct claims of the plaintiff against the defendants, one a claim for damages arising from a tort of one defendant and the other a claim for damages based upon a contract of insurance between the defendants; and, as the allegations of the bill of complaint as to each claim do not state a valid cause of action at law or in equity, the bill of complaint is clearly insufficient in law and the demurrer of the defendants should have been sustained.

Each of the certified questions is answered in the negative and the judgment of the circuit court in over-ruling the demurrer is reversed.

*Ruling reversed.*