Ida V. Adams, *Administratrix* of Estate of
Pauline Adams Grogg, *Deceased*

*v.*

Freeman Nelson Grogg

(CC 877)

Submitted January 28, 1969. Decided April 3, 1969.

56

*Clarence E. Martin, Jr.,* for plaintiff.

*Rodgers & Kiser, D. H. Rodgers, Jr.,* for defendant.

CAPLAN, JUDGE:

This case is before the Court on certification from the Circuit Court of Berkeley County. Ida V. Adams, Administratrix of the Estate of Pauline Adams Grogg, Deceased, instituted an action in the aforesaid court against Freeman Nelson Grogg for the wrongful death of the deceased.

According to a stipulation entered into between the parties, it appears that on October 2, 1965 Pauline Adams Grogg and Freeman Nelson Grogg were duly and legally married; that on the same day and subsequent to the marriage the defendant, Freeman Nelson Grogg, was driving his wife's automobile; that his wife, Pauline, was a passenger in said automobile; and that as the defendant was driving in an easterly direction on State Route No. 51 an accident occurred which resulted in the death of Pauline Adams Grogg. It was further stipulated that at the time of her death Pauline had a daughter, Rhonda Lynn Adams, who was in no way related to the defendant.

It is alleged in the complaint that the death of the deceased resulted from the defendant's negligent, reckless and willful operation of the vehicle in which the deceased was a passenger; that the deceased was the sole support of her daughter, Rhonda, then age two; and that she, the deceased, was employed, earning a living and in excellent health at the time of her death.

Instituting this action under the provisions of Code, 1931, 55-7-5 and 55-7-6, as amended, the plaintiff seeks recovery for money expended for funeral expenses, plus

$10,000.00 damages and in addition thereto, further damages in the amount of $100,000.00, constituting financial and pecuniary losses sustained by Rhonda Lynn Adams.

The defendant filed a motion to dismiss this action, asserting that the complaint failed to state a claim against the defendant upon which relief could be granted for the reason that "this is an action between husband and wife and against public policy." The trial court dismissed the complaint but upon joint motion of the parties certified the following question to this Court:

"Can the personal representative of a deceased wife maintain an action, under Code 55-7-5, against her surviving husband for damages arising out of the death of the wife, resulting from a wrongful act on the part of the husband, where there is a beneficiary of the deceased wife who is not related to the defendant husband."

The question posed by the court below is answered by our statutes pertaining to recovery for death by wrongful act. Code, 1931, 55-7-5, provides, in part, "Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, * * * the person who * * * would have been liable if death had not ensued, shall be liable to an action for damages * * *."

"At the common law, there was no right of action for damages for injury occasioned by the death of a person by a wrongful act." Such was the language in *Swope* v. *Keystone Coal and Coke Co.*, 78 W. Va. 517, 89 S. E. 284, reflecting, without question, the principle that a right of action did not survive one's death at common law, even though such death were caused by a wrongful or tortious act. See *Jackson* v. *Cockill*, 149 W. Va. 78, 138 S. E.2d 710; *Dunsmore* v. *Hartman*, 140 W. Va. 357, 84 S. E.2d 137; 25A C. J. S., Death, Section 13, the heading of which reads: "At common law there is no cause of action for

the recovery of damages for the wrongful death of a human being."

There being no common law right of action for death by a wrongful act, such action, if maintainable, exists only by the grace of the above quoted statute. To maintain such action the provisions of that statute must be followed. To be read in pari materia therewith and also to be followed is Code, 1931, 55-7-6, as amended, which, where material, reads: "Every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered in every such action shall be recovered by said personal representative and be distributed in accordance herewith."

In the instant case, could Pauline Adams Grogg, the deceased, have maintained this action against the defendant, her husband, had she survived the accident? The decisions of this Court, reflecting the common law, require an answer in the negative. *Campbell* v. *Campbell*, 145 W. Va. 245, 114 S. E.2d 406; *Wright* v. *Davis*, 132 W. Va. 722, 53 S. E.2d 335; *Staats* v. *Co-Operative Transit Company*, 125 W. Va. 473, 24 S. E.2d 916; *Poling* v. *Poling*, 116 W. Va. 187, 179 S. E. 604. No statute has been enacted in this state which authorizes or permits one spouse to sue the other spouse to recover damages for personal injury or other tort.

The restrictive language of Code, 1931, 55-7-5, authorizing a right of action for death by wrongful act, is clear and unambiguous and must be applied as written. That statute provides that an action may be maintained against the wrongdoer, if, and only if, the injured party, had he lived, would have been entitled to maintain such action. Applying Code, 1931, 55-7-5 to the instant case and considering the above cited decisions of this Court which preclude one spouse from suing another, it becomes evident that this action cannot be maintained.

The question certified by the trial court further asks

if such action can be maintained where there is a beneficiary of the deceased wife who is not related to the defendant husband. Again, we are compelled to look to the aforesaid statutes. We have noted herein that the instant action is precluded by the restrictive provisions of Code, 1931, 55-7-5. This is not changed by virtue of there being a beneficiary of the deceased wife who is not related to the defendant husband. Unlike some other jurisdictions, a beneficiary or heir of one wrongfully killed cannot institute a wrongful death action in our state. As stated above, such action in our state shall be brought by and in the name of the personal representative of the deceased person. Code, 1931, 55-7-6, as amended. It cannot be instituted and maintained by the surviving child or children.

In *Shiver* v. *Sessions,* (Fla.) 80 So. 2d 905, cited by the plaintiff, the plaintiffs were the four surviving minor children of the deceased mother. The Florida wrongful death act permitted an action by and in the name of the beneficiaries and thereby created an entirely new cause of action, in an entirely new right, for recovery of damages suffered by them. Any recovery gained by the children in that case would be divided among them and would go to no one else. Not so in our State. Even if the administratrix, Ida V. Adams, were here permitted to maintain this action, the amount recovered, if any, would have to be distributed in accordance with the provisions of Code, 1931, 55-7-6, as amended, which provides that "the amount recovered shall be distributed to the parties and in the proportion provided by law for the distribution of personal estate left by persons dying intestate." Consequently, if any amount were recovered, two thirds thereof would go to the deceased's minor daughter and one third would go to the husband who is charged with the wrongful act. Certainly, to so compensate a wrongdoer is not within the contemplation of right and justice. *Dickinson* v. *Stuart Colliery Co.,* 71 W. Va. 325, 76 S. E. 654, 43 L. R. A. (N. S.) 335.

For the reasons noted herein we are impelled to answer the certified question in the negative and we affirm the trial court's rulings in relation to the matters raised thereby. However, nothing in this opinion shall be construed to preclude recovery by the personal representative of reasonable funeral expenses and ambulance charges, recovery of which is demanded in the complaint.

*Rulings on certified question affirmed.*