J. T. Brewster, Administrator, Appellant, v. The Chicago & Northwestern Railway Company.

Injury to Railroad Employe: place of injury: *Law of Sister State.* Where an action is brought in one state to recover against a railroad company for an injury to an employe which occured in another state, the law of the state in which the injury happened governs.

Rule applied: *Fellow Servants.* Where, in an action against a railroad company for an injury to a brakeman by being thrown from a car by the engineer negligently and suddenly stopping the train, the injury happened in a state where the common law relating to fellow servants had not been changed by the statute, the plaintiff could not recover, since the engineer and brakeman are fellow servants, and one could have no cause of action against the master for the negligence of the other.

Review on Appeal: motion to direct verdict: *Containing more than one Ground.* Under Code, section 4136, providing that, among several points made in a motion, the one of those relied on must be separately stated, where there were six grounds in a motion to direct a verdict, and seven in the motion for new trial, and none were separately pointed out on appeal in assignments of error, the order of the trial court directing a verdict could not be reviewed.

Record below. There having been no showing below that a witness would testify to what a conductor declared at the time of an accident, the striking out of the testimony that the conductor was looking for a broken coupler, can not be complained of on appeal, as an exclusion of part of the *res gestae.*

*Appeal from Clinton District Court.*—Hon. A. J. House, Judge.

Tuesday, May 21, 1901.

Action for damages. Judgment on a directed verdict against plaintiff, and he appeals.—*Affirmed.*

*A. L. Schuyler* and *T. W. Hall* for appellant.

*Hubbard, Dawley & Wheeler* for appellee.

LADD, J.—A freight train had been made up at West Chicago, Ill., and, after being pulled to the main track, was backing on the side track to enable a passenger train to pass, when deceased, who, as head brakeman, was engaged in giving signals, stepped or fell backward off the end of the car on which he was riding, and was killed by being run over. The engineer and fireman claim to have seen him when he fell, and that not until then were the brakes set and the train brought to a standstill, resulting in its separation at two places because of the breaking of couplers. On the other hand, one Tingleman testified that he was standing only 150 feet distant at the time, and saw the train stop suddenly, the cars separate some feet, and Brewster, who was standing sidewise, then pitch over the end to his death. The cause of action is predicated on two grounds: (1) Negligence of the engineer in suddenly stopping the train; and (2) negligence of the defendant in making use of a defective coupler. As the injury complained of happened in Illinois, the law of that state must necessarily govern. *Hyde v. Railway Co.*, 61 Iowa, 441; *Morris v. Railway Co.*, 65 Iowa, 727. It appears from the record that no statute of Illinois renders a railroad company liable for the negligence of a co-employe. The common law rule prevails, and, if the engineer and brakeman were fellow servants, no recovery can be had because of any negligence of the former in the manner of stopping the train. That such employes are fellow servants seem to have been fully settled by authority. *Railroad Company v. Robinson*, 4 Bush, 507; *Wilson v. Railroad Co.*, 18 Ind. 226; *Sherman v. Railroad Co.*, 17 N. Y. 153; *Meyer v. Railroad Co.*, 177 Ill. Sup. 591 (52 N. E. Rep. 848). See note to *Hough v. Railway Co.*, 100 U. S. 213 (25 L. Ed. 612).; *Sullivan v. Railroad Co.*, 11 Iowa, 421. The law prohibited a recovery on the first ground.

II. But it is urged that, had the coupler not broken and the cars separated, the deceased might have saved himself by catching or stepping on the next car, and therefore the alleged defect in the coupler contributed to his death. On the other hand, it is said, among other things that this is mere conjecture, and the jury ought not to be permitted to guess on what might have happened. The district court evidently took this view, and, as the propriety of directing a verdict is not questioned by assignment of error in the manner directed by statute, the correctness of that ruling cannot be considered by this court. The only errors assigned which might be relied on are said, in substance, to have arisen (4) in sustaining the motion to direct a verdict; (5) in directing a verdict; (6) in taking the case from the jury; (7) in overruling plaintiff's motion for new trial; and (8) in entering judgment for defendant. Section 4136 of the Code provides that "among several points made in motion the one or those relied upon must be separately stated." Here there were six grounds in the motion to direct the verdict, and seven in the motion for new trial. None were separately pointed out. The decisions of this court holding that the assignments are insufficient, under such circumstances, are too numerous for citation. Nor is it enough to say that the court erred in ordering or entering a judgment. *Tomblin v. Ball*, 46 Iowa, 190; *Klotz v. James*, 96 Iowa, 1.

III. Tingleman testified that after deceased fell he went to the place of the accident where "the conductor was looking at the Janney coupler that was broken." Here the defendant objected to the witness repeating anything the conductor said, and moved to strike out the answer quoted, and the motion was sustained. It is insisted that what the conductor said was part of the *res gestae,* and ought to have been received. But the witness had neither been asked nor had undertaken to give his language and the ruling merely struck out the statement of what

he was doing, which was subsequently shown.  If the appel-
lant had any purpose of showing by this witness what was
said by the conductor, the record contains no intimation of
it.—AFFIRMED.