MILDRED KINGERY, Appellee, v. J. W. DONNELL, Appellant.

No. 43485.

JULY 31, 1936.

Pike, Sias, Zimmerman & Butler, and Chapman & Chapman, and Ralph V. Harman, for appellee.

John L. Cherny, Hal W. Byers and McMartin, Herrick & Langdon, for appellant.

HAMILTON, J.—The defendant having first perfected his appeal is designated as appellant. The errors relied upon by appellant are four in number and are based on the alleged erroneous overruling of certain specified grounds of defendant's motion to strike allegations of plaintiff's petition setting forth the Missouri laws applicable to this case (a) which impose on a motor vehicle driver the duty to exercise the highest degree of care; (b) the Missouri humanitarian doctrine, which, except in the degree of care imposed corresponds to the Iowa last clear chance doctrine; (c) the Missouri definition of contributory negligence; (d) the Missouri law to the effect that the operator of a motor vehicle must at all times and under all circumstances anticipate and expect the presence of others on the highway. As summarized by counsel for appellant, these assignments of error raise the following legal questions:

"1. Is it proper for the plaintiff to plead, in an action in Iowa, arising out of an accident which happened in Missouri,

the law of Missouri, which purports to place upon the defendant the duty to exercise the highest degree of care;

"2. Is it proper for the plaintiff to plead the Missouri humanitarian doctrine, which imposes liability on the defendant when he sees, or by the exercise of the highest degree of care, should see, the plaintiff in a position of peril, as distinguished from the Iowa rule, which imposes liability on the defendant, under the last clear chance doctrine, only when he fails to exercise ordinary care after he actually sees the plaintiff;

"3. Whether the plaintiff can properly plead the law of Missouri, placing upon the defendant the absolute duty at all times and under all circumstances to anticipate and expect the presence of others on the highway;

"4. Whether the plaintiff can properly plead the law of Missouri, providing that contributory negligence is negligence on the part of the plaintiff which combines and concurs with the negligence of the defendant and contributes to the injury as a proximate cause thereof, without which such injury would not have happened."

The complaint as to all four propositions really involves but one question, and that is, that it places upon the defendant the duty of exercising a higher degree of care than that to which the operator of a motor vehicle is subjected under the laws of this state. It is the contention of appellant that the degree of care relates to the proof and pertains to the remedy, and not to the substantive rights of the plaintiff, and is therefore to be governed by the *lex fori,* and not by the laws of the state in which the wrong occurred, and that plaintiff is not permitted to allege and prove a degree of care different or inconsistent with the degree of care imposed by the law of this state.

As a premise for their argument, counsel for appellant lay down these two propositions:

"(a)   For the purpose of determining what amounts to negligence, Iowa recognizes but one degree of care;

(b)   Statutes relating to the degree of care imposed for the purpose of determining negligence in effect go only to the weight of the evidence, a matter which must be determined by the law of the forum and not by the law of the place where the accident happened."

No one questions the first proposition that in Iowa there is but one degree of care. But appellee takes issue on the second proposition that the degree of care pertains to the remedy and not to the right. There is little dispute as to the legal proposition announced by all the authorities, namely, where the accident which gives rise to the cause of action occurs in a foreign state, the rights and liabilities of the parties must be determined by the laws of that state in whatever court the action is brought. It is equally well settled that matters of procedure and matters pertaining to the remedy to be applied are to be determined by the law of the forum. Dorr Cattle Company v. Bank, 127 Iowa 153, 98 N. W. 918, 102 N. W. 836, 4 Ann. Cas. 519; Redfern v. Redfern, 212 Iowa 454, 236 N. W. 399; Rastede v. Chicago, St. P., M. & O. R. Co., 203 Iowa 430, 212 N. W. 751; Schmitt v. Cable Co., 164 Iowa 654, 658, 146 N. W. 467. It is a well settled rule that the actionable quality of acts causing death or bodily harm is to be determined by reference to the *lex loci* rather than to the *lex fori*. 5 R. C. L. 1040.

The general rule is well stated in one of the leading cases in this country, Caine v. St. Louis, San Francisco R. C., 209 Ala. 181, 95 So. 876, 877, 32 A. L. R. 793, as follows:

"While it is well recognized that the statutes of another state have no extraterritorial force, yet rights acquired thereunder will always, in comity, be enforced if not against the public policy of the laws of the state where redress is sought. 'In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought. And we think the principle is the same, whether the right of action be ex contractu or ex delicto.' Herrick v. Minneapolis & St. L. R. Co., 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771; Northern P. R. Co. v. Babcock, 154 U. S. 190, 14 S. Ct. 978, 38 L. Ed. 958; Helton v. Alabama Midland R. Co., 97 Ala. 275, 12 So. 276."

This case holds that the question of the effect of contributory negligence in an action to recover damages for wrongful death is governed by the *lex loci delicti* and further holds that a plea setting up contributory negligence to a cause of action for wrongful death arising in another state as a defense to

such action must show that such negligence constituted a defense to such action under the laws of the state where the cause of action arose.

In a recent California case, Loranger v. Nadeau, 215 Cal. 362, 10 Pac. (2d) 63, 65, 84 A. L. R. 1264, it was held that the courts of the state in which a guest in an automobile is precluded by statute from recovering against a driver, except for gross negligence, may entertain a suit by the guest against the driver, arising out of an accident in another state, by the law of which the driver is liable to the guest for ordinary negligence. In that case, it was said:

"It is the general rule in tort actions that the court will, if it has jurisdiction of the necessary parties and can do substantial justice between them in accordance with its own forms of procedure, enforce the foreign law if it is not contrary to the public policy of the forum, to abstract justice, or pure morals, or injurious to the welfare of the people of the state of the forum. 12 C. J. 453. * * * In Reynolds v. Day, 79 Wash. 499, 140 P. 681, 683, L. R. A. 1916A, 432, it was said: 'Under the rule of comity, rights which have accrued by the law of another state or nation are treated as valid everywhere. When the action is transitory and the jurisdiction of the parties can be obtained by service of process, the foreign law, if not contrary to the public policy of the state where the action is brought, nor contrary to abstract justice or pure morals nor calculated to injure the state or its citizens, will be recognized and enforced.' "

According to appellant's theory, the question in the case at bar is whether or not the standard of care by which actionable negligence is to be determined is the Iowa standard or the Missouri standard, and appellant contends that under the clear holding of our court, when the plaintiff seeks her remedy in Iowa, she is bound to prove negligence by the Iowa standard. If appellant is right in his theory, then we might as well abrogate the universally established principle that in tort cases the rights and liabilities of the parties are governed by the laws of the state where the wrong was perpetrated.

To say that the plaintiff's rights and the defendant's liabilities are to be measured and administered according to the *lex loci* and at the same time refuse to permit the plaintiff to allege

and prove a cause of action which would bring him within the provisions of the Missouri statute, is to announce an absurdity. The adoption of the latter would abrogate and make nugatory the former.

Appellant fails to distinguish between the degree of care and the proof of the degree of care. The first fixes or defines the duty and measures the quantum of plaintiff's right; the latter has reference to the means of showing its violation. The one has to do with the weight or sufficiency or legal effect of the evidence and pertains to the remedy or procedure or process by which the legal effect upon the rights or liabilities because of the failure to exercise the other (the degree of care) is established. The wrong or tort which gives rise to the cause of action is the failure to exercise the proper degree of care for the protection of another. And the degree of care is the very essence, the exercise or omission to exercise which, as disclosed by the evidence or proof, determines whether actionable negligence has been established. Actionable negligence or negligence in law grows out of the nonobservance of a duty prescribed by law. The duty in this case is imposed upon the operator of a motor vehicle on the highways of the State of Missouri and upon every such operator is imposed the duty of exercising the highest degree of care to avoid injury to the person or property of another, and that degree of care is defined by the Missouri courts as that which a very careful person would use under the same or similar circumstances. Likewise, under the Missouri humanitarian rule, the absolute duty is imposed upon the operator of a motor vehicle upon the highways of that state to exercise the highest degree of care for the preservation of another using the highway, "and if he sees, or by the exercise of the highest degree of care could have seen, such person in peril or about to become imperiled, and thereafter had the present ability with the means at hand, to have averted the impending injury without injury to himself or others, he fails to exercise the highest degree of care to avert such impending injury, and by reason thereof such person is injured, then such motor vehicle operator is liable for injuring such person." Plaintiff predicates one of her grounds of negligence on the alleged violation of this duty. Appellant here again contends that this pertains to the remedy and must be governed by the rule of our state announced in the last clear

chance doctrine. Clearly we think it pertains to the rights and liabilities, and the standard or degree of care required under the Missouri statutes of every driver of a motor vehicle is the standard of duty that fixed the liability of the defendant and was a part of the substantive rights of the plaintiff, the failure to observe which would render the defendant liable.

The third proposition strikes at the allegations of plaintiff's petition, wherein plaintiff alleged that the law of Missouri placed upon the defendant the "absolute duty" at all times and under all circumstances to anticipate and expect the presence of others on the highway, appellant's contention being that this allegation attempts to place upon the defendant a degree of care different from that which obtains under the law of Iowa, and by so doing attempts to change the amount of proof required by the defendant to establish freedom from negligence or fault. Appellant cites Fry v. Smith, 217 Iowa 1295, 253 N. W. 147; Knutson v. Lurie, 217 Iowa 192, 251 N. W. 147; Jarvis v. Stone, 216 Iowa 27, 247 N. W. 393, and argues from the holdings in these cases that no such absolute duty is placed upon defendant under the law of this state. Those cases have to do with the question of keeping a constant lookout, while the Missouri rule as alleged in plaintiff's petition is in the following language:

"The degree of care imposed by the motor vehicle statute requires of a motor vehicle operator on the highways of Missouri, that he at all times and under all circumstances, anticipate and expect the presence of others on the highway." This is the pleading of the judicial construction placed upon the statutory law of Missouri, and there certainly can be nothing in this rule of construction contrary to public policy of this state. Neither is it contrary to any statutory provision of our law. It is but the announcement of an axiomatic fact or truism. A public highway is open to all drivers alike and it is but the announcement of a common-sense, evidentiary fact which must be known to all, and which all users of the highways capable of understanding the simplest truth would be required to anticipate. Can one presume he is in exclusive possession of a public highway in a state populated by several million people? Is it an unreasonable requirement that the driver of a motor vehicle at all times anticipate the presence of others on the public

highways of such state? Is it against sound public policy or good morals? Is such a rule calculated to injure this state or our citizens? If appellant is right in his contention that this imposes a greater degree of care than is imposed by the Iowa statute, or the decisions of our Iowa court, it is a matter which has to do with the substantive rights, and under the rule of comity in the interpretation of the statutory law of Missouri, the decisions of the Missouri court will be accepted by this her sister state, unless contrary to positive statute or contrary to the established public policy of our state. Loranger v. Nadeau, 215 Cal. 362, 10 Pac. (2d) 63, 84 A. L. R. 1264; Hall v. Hamel, 244 Mass. 464, 138 N. E. 925; De Shetler v. Kordt, 43 Ohio App. 236, 183 N. E. 85.

The fourth proposition complained of is the pleading of the Missouri law of contributory negligence. The allegation of the Missouri law found in the petition is:

"Contributory negligence is a want of ordinary care on the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which such injury would not have happened."

Appellant contends that this is an attempt to bring the law of Missouri to this state with reference to the weight of evidence, and with reference to the construction of facts shown in evidence, and pertains to the remedy and is a matter of procedure, and must be governed by the definition of contributory negligence announced by the Iowa court, which is defined as negligence on the part of the plaintiff "which contributes in any way or in any degree directly to the injury," and that under the Iowa rule it is not necessary that plaintiff's negligence in any manner be a proximate cause in order to constitute contributory negligence. That this is the Iowa rule as announced by our decisions must be admitted; but we do not admit that the question of contributory negligence is a procedural matter, or a matter pertaining to the remedy or weight of the evidence. Defendant contends that what amounts to contributory negligence goes to the weight of the evidence, and whatever pertains to the weight of the evidence is to be determined by the law of the forum. We think the appellant's contention that what

amounts to contributory negligence goes to the weight of the evidence has a clouded meaning. The correct rule is this: What acts or omissions of the plaintiff are sufficient to make out a jury question on, or establish the issue of, contributory negligence as defined by the Missouri law goes to the weight of the evidence and is determined by the rules for weighing evidence in Iowa. Whether the evidentiary facts amount to enough or are of such weight as to tip the scales sufficiently to enable the court to say as a matter of law that a prima facie case has been made out, is a matter relating to the process or procedure, whereby the degree of care which the statutory law of Missouri requires an operator of a motor vehicle to exercise to avoid liability is established. But the degree of care, the failure to exercise which is actionable negligence, for which the injured party has a right to recover or which the plaintiff failed to exercise and which will defeat his right to recover and relieve defendant of liability, goes to the very question of a right or a liability, and is a part of the substantive law of the case. 3 Iowa Law Bulletin, page 15.

■■■ In the State of Missouri, contributory negligence is a matter of defense, while in Iowa, the plaintiff must allege and prove freedom from contributory negligence. In either event, its existence, once established, defeats recovery. As to the way and manner its existence shall be pleaded and proved, and the rules by which the acts, omissions or conduct of the plaintiff bearing on this issue is weighed in determining whether or not contributory negligence has been established is a matter of procedure pertaining to the remedy and is governed by the law of the forum. In other words, the issue as to whether or not under the facts, either actionable negligence on the part of the defendant, or contributory negligence on the part of the plaintiff has been properly pleaded and proved, will be determined by the law of the forum, this being a matter pertaining to the remedy., But the standard or degree of care required, as well as its legal effect, when once established by the proof, on the rights or liabilities of the parties must be measured by the legal standard laid down by the law of the jurisdiction where the injury occurred. This must be so. Suppose in Iowa, contributory negligence did not prevent a recovery, while in Missouri it was a complete bar to recovery. In an action in this state for an injury which occurred in Missouri, could it be said

with any degree of logic or reason that defendant was not entitled to the benefit of contributory negligence in determining his liability? If he is entitled to have it considered in fixing his liability or in determining plaintiff's rights, it does not pertain to the remedy. We recognized this rule in this state in a master and servant case for damages in the case of Brewster v. C. & N. W. Ry. Co., 114 Iowa 144, 86 N. W. 221, 89 Am. St. Rep. 348. In that case the cause of action arose in Illinois. Illinois had no statute rendering a railroad company liable for the negligence of a co-employee, while such a law was on the statute books in Iowa. This court held that the law of that state must necessarily govern, and hence there was no liability under the common law, and no statutory provision making a company liable for the negligence of a co-employee and our court held that the plaintiff was not entitled to recover, although we had such a statute in this state.

Questions of evidence are governed by the law of the forum and that law determines admissibility, competency, quality and degree of evidence. Whether a witness is competent or not, whether certain matters require to be proved by writing or not, whether certain evidence proves a certain fact or not, are to be determined by the law of the state where the question arises, where the remedy is sought to be enforced, and where the court sits to enforce it. 5 R. C. L. 1045.

Stated in another way, the manner of proving facts is a matter of evidence or of procedure, but the facts to be proved are not matters of procedure but matters with which the procedure has to deal.

Counsel for appellant cite and rely on the case of Johnson v. Ry. Co., 91 Iowa 248, 252, 59 N. W. 66, 68. Clearly the writer of the opinion in that case confused substantive rights and matters of remedy. The injury occurred in Illinois. Under the statutory law of that state, when a train was operated through a town at a greater speed than allowed by law, injury to person or property should be presumed to have been done by the negligence of the railroad company. On motion of the defendant, allegations of the petition setting up the ordinances of the town where injury occurred and Illinois statutes were stricken. The court said:

"But the claim that the courts of this state must, in any

case, adopt rules of practice of another state which pertain merely to the weight of evidence,—as that a fact may be presumed without evidence, *or that a recovery may be had because defendant was chargeable with a greater degree of negligence than plaintiff*—is unsound and such rules can have no application to the trial of cases in our courts, because they pertain to the remedy, and are in no sense causes of action.'' (Italics ours.)

In so far as the opinion holds that the statutory provision as to presumption of negligence pertains to the remedy the same is sound. This relates purely to a method of proof, and the authorities are uniform in holding this to be merely procedural matter. But in so far as it holds that the standard of care or degree of negligence which imposes the duty and fixes the liability pertains to the remedy and not to the substantive rights, the opinion is unsound and is hereby expressly overruled. Redfern v. Redfern, supra, announces the correct principle. The Johnson case was referred to in Rastede v. Ry. Co., 203 Iowa 430, 437, 212 N. W. 751, 755, where the opinion says ''Questions of 'comparative negligence' and 'prima facie negligence' '' are on the border line between the remedial and substantive. However, that case had for determination only the question as to ''prima facie negligence''. Here again we think the opinion, in classifying comparative negligence with ''prima facie negligence'', fails to distinguish between the method of proof and legal effect of the proven fact. As to what is sufficient to make out a case of ''prima facie negligence'', whether fixed by statute or judicial interpretation is a matter pertaining to proof and is a procedural matter governed by the law of the forum.

''Whether contributory negligence of the plaintiff precludes recovery in whole or in part in an action for negligent injury, is determined by the law of the place of wrong.

Comment (c): If by the law of the place of wrong, contributory negligence is not a complete defense but reduces the amount of damages, it has the same effect in a suit brought in another state.'' American Law Institute Restatement of the Law of Conflict of Laws, paragraph 385.

The method of pleading or proving contributory negligence

should not be confused with its legal effect. This distinction is pointed out by section 601 of the last mentioned authority as follows:

"If the law of the forum makes it a condition of maintaining an action that the party bringing the action show himself free from fault, the condition must be fulfilled though there is no such requirement in the state where the cause of action arose.

Comment (a) * * * This question is analogous to but not precisely the same as that involved in the burden of proof. Such burden falls upon the party in the manner and to the extent determined by the forum's procedural rules."

There is some dispute in the authorities as to this last statement. See, contra, Central Vermont Ry. Co., v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433; 78 A. L. R. 874, note.

The universal doctrine is that the law of the place where the injury occurred must govern in fixing the amount of liability and the quantum of recovery. This being true, it would be a strange doctrine that would apply the law of Missouri in determining the question of liability, and look to the law of Iowa to fix the measure of recovery, or to hold that the law of Missouri should govern in fixing the liability, then apply the law of Iowa, which would prevent a recovery, although a recovery is authorized by the law of Missouri. Is not the degree of care a fact to be considered in fixing the liability of the defendant or the right of action? How, then, can it be said that it pertains merely to the remedy? Likewise, the conduct of the plaintiff is part of the facts from which the liability of the defendant is fixed and is taken into consideration in measuring the relief to which he is entitled. A very able and well reasoned case is found in Louisville & N. R. Co. v. Whitlow's Admr., 114 Ky. 470, 43 S. W. 711, 41 L. R. A. 614.

We therefore hold that the trial court was right in refusing to strike from plaintiff's petition the matters set up in appellant's assignment of errors.

■■■ Appellee assigns as error under seven separate and distinct assignments, wherein it is claimed the court erred in sustaining defendant's motion to strike portions of plaintiff's petition, and we will now devote our attention to these assignments on the part of appellee.

Assignment No. 1 has to do with what matters under the Missouri law would be presumptive evidence of negligence. The statutes of Missouri provide as follows:

"Provided that a rate of speed in excess of twenty-five miles an hour for a distance of one-half mile shall be considered as evidence, presumptive but not conclusive, of driving at a rate of speed which is not careful and prudent, but the burden of proof shall continue to be on the prosecution to show by competent evidence that at the time and place charged the operator was driving at a rate of speed which was not careful and prudent, considering the time of day, the amount of vehicular and pedestrian traffic, condition of the highway and the location with reference to intersecting highways, curves, residences or school."

We think the court was right in striking this because it is so complicated and involves a matter pertaining to the weight of evidentiary facts, what constitutes presumptive proof and burden of proof, and such matters under the holdings of our court and the great weight of authority must be governed according to the laws of this state. Any other rule would be impracticable. Rastede v. Chicago R. Co., supra; Restatement of the Law of Conflict of Laws, Section 380, comment to said section on page 463.

Appellee's next assignment pertains to the burden of proof wherein the plaintiff alleged the Missouri law as follows:

"And under the law of Missouri contributory negligence is an affirmative defense to plaintiff's cause of action as based upon the preliminary negligence of defendant.

"But the contributory negligence of plaintiff is no defense to an action based upon the humanitarian rule.

"And the burden of proof of contributory negligence is on the defendant."

These are all matters pertaining to the burden of proof which must be governed by the law of the forum. This is also the general rule worked out by the Restatement of the Law of Conflict of Laws, See Section 601.

Appellee next complains because the court struck the following portion of her petition:

"And plaintiff may submit her case on both primary negligence and negligence under the Humanitarian Rule when the evidence warrants."

This is a matter of pure procedure.

■■■ The other assignments of error complained of by appellee pertain to matters wherein the law of Missouri and that of Iowa are not at variance, and there is no prejudice in striking them from plaintiff's petition. One of the plaintiff's complaints is based upon the ruling of the court sustaining defendant's motion to strike the list or brief of authorities in support of the legal principles alleged in the petition. These covered several pages of the printed brief and were entirely unnecessary and cumbersome and · confusing in a petition. While it is proper and necessary to plead the laws of the foreign state and point out where they may be found, it is neither necessary nor proper to make the extended reference to state authorities as was done by plaintiff in this case.

While some of the rulings are close, after careful consideration of all the points raised and argued, we are inclined to agree with the findings of the trial court. We see no reason why under the allegations remaining in the petition, the rights of the parties will be in any way prejudiced.

As to both appeals, the case is affirmed.—Affirmed.

PARSONS, C. J., and MITCHELL, RICHARDS, STIGER, KINTZINGER, and DONEGAN, JJ., concur.