REX F. FESSENDEN, individually and as father and next friend of Rosemary Fessenden, appellant, v. CLARK SMITH and ARTHUR W. SMITH, appellees.

No. 51048.

(Reported in 124 N.W.2d 554)

November 12, 1963.

Rehearing Denied January 14, 1964.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellant.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, of Sioux City, and Gale B. Braithwaite, of Sioux Falls, South Dakota, for appellees.

Hays, J.—This is an action for damages brought by a minor by her next friend for injuries she sustained while riding in a car being driven by defendant Clark Smith ·with the consent of its owner, defendant Arthur W. Smith. The accident happened near Canton, South Dakota. All parties concerned

are residents of Sioux City, Iowa. The petition was in four counts and alleges negligence and also willful and wanton negligence. At the close of plaintiff's evidence the trial court sustained a motion to direct a verdict for defendants and dismissed the petition.

I. The first question to be determined is what State's laws govern, Iowa or South Dakota. The trial court held the case must be governed by the laws of South Dakota. This is assigned as error.

██ ██ While appellant devotes several pages of his argument on this issue, he admits that the trial court applied the law now in effect in this state and generally elsewhere. See Restatement, Conflict of Laws, sections 377 and 378; Redfern v. Redfern, 212 Iowa 454, 236 N.W. 399; Kingery v. Donnell, 222 Iowa 241, 268 N.W. 617. It applied the laws of South Dakota under the rule that where a tort is committed in a foreign state and an action is brought in another state for such tort, the substantive rights of the parties are to be determined by the laws of the state where the tort was committed. This may be qualified by stating the above is true unless rights granted, restricted in the other state, are deemed to be unconstitutional or against public policy in the forum state. Kilberg v. Northeast Airlines, Inc., 9 N. Y.2d 34, 211 N. Y. S.2d 133, 172 N.E.2d 526; Koplik v. C. P. Trucking Corp., 27 N. J. 1, 141 A.2d 34; Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814; Haynie v. Hanson, 16 Wis.2d 299, 114 N.W.2d 443, all cited by appellant on this question are not contrary to the general rule, above stated, that ordinarily, substantive rights of parties to an action in tort are to be determined in light of law of place of wrong.

Appellant's position is stated to be: "The right of a guest to recover from his host should likewise be determined by the law of the place in which the parties resided and in which the relationship of guest and host was created rather than by * * * the accident." See dissenting opinion in Babcock v. Jackson, 17 App. Div.2d 694, 695, 230 N. Y. S.2d 114, 116, 120. This theory, which is advocated by appellant, is designated as " 'the most significant contacts with the matter in dispute' " rationale

as it would be applied to guest statutes and appears to be a new and advanced frontier as to this phase of the law. We appreciate the fact that this court is invited to be the first American jurisdiction to adopt such rationale but feel that the existing rule is sound and stable and see no reason for a change to such rationale. The court did not commit error in applying the South Dakota statutes.

II. Appellant contends the evidence creates a jury question as to whether plaintiff was a guest in the Smith car.

Section 44.0362, South Dakota Code, 1939, provides: "No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought; and no person so transported shall have such cause of action if he has willfully or by want of ordinary care brought the injury upon himself."

In Gunderson v. Sopiwnik, 75 S. D. 402, 406, 66 N.W.2d 510, 512, the Supreme Court of South Dakota quoted from Schiltz v. Picton, 66 S. D. 301, 282 N.W. 519, as follows: "While it might be that under this statute [section 44.0362, Code of South Dakota, supra], actual payment in money or other tangible thing is not necessary to exclude one from its terms and render one not a guest, nevertheless, we believe that the statute contemplates some benefit accruing from the transportation to the owner or operator of the motor vehicle in order to render a passenger in a motor vehicle not a guest. Such benefits as are compatible with hospitality, companionship or good fellowship accruing to the owner or operator are not sufficient to take the passenger out of the guest classification."

The record is clear to the effect that plaintiff, Rosemary Fessenden, made no payment or gave any compensation to the driver or to the owner of the car. Unless and except for the

theory of agency which is advanced by appellant and which we will immediately discuss, we think it a fair statement to say that Rosemary Fessenden was a guest within the terms of the statute and so recognized by appellant.

Appellant's position is stated in argument to be "that a benefit inuring to Heelan High School as a consequence of the transportation furnished by it permits recovery for Clark Smith's ordinary negligence." In other words, appellant contends that Clark Smith was an agent of and operating the car for the benefit of Heelan High School; that the transportation of Rosemary was a benefit to Heelan High School and hence was outside the provisions of section 44.0362, supra.

Bearing upon this theory, the record shows: Rosemary Fessenden was a student and a cheerleader at Heelan High School in Sioux City. As such she was furnished a uniform by the school and had free admittance at all school athletic events. Cheerleaders were required by the school to attend all in-town games and such out-of-town games within a radius of 100 miles as was possible. On December 5, 1958, the date of the accident, Heelan was to play a basketball game with Cathedral High School at Sioux Falls, South Dakota. Heelan had made no plans for the cheerleaders to attend. Cheerleaders were under the control and supervision of Father Joseph D. Studer, Athletic Director at Heelan High. On the day in question defendant Clark Smith told Father Studer he was driving to the game and asked to take some of the cheerleaders. Father Studer gave Rosemary permission to go to the game with Smith, but gave him no instructions or directions concerning the trip other than to drive carefully. Nothing was paid to Clark Smith by the school for taking them nor was the question discussed. None of the girls in the car, there were five including Rosemary, paid him for the trip or agreed at anytime to reimburse him for the trip. The record is clear that he never received any compensation for the trip. Father Studer, commenting upon the purpose of cheerleaders, states:

"The purpose of cheerleaders at an athletic event is to centralize, organize and maintain order in the cheers of the

student body or adults. Without cheerleaders you would have chaos. The direct purpose of the cheerleaders is to control the activities of the spectators. I believe the cheerleaders inspire the crowd to cheer which instills fighting spirit into the players." They represent the school.

Under the above record, appellant contends that Clark Smith was the agent of Heelan High; that as such agent he was merely acting for Heelan High with the transportation being in effect furnished by Heelan; that the presence of the cheerleaders at the game was a direct benefit to Heelan High which benefit was made available by the voluntary furnishing of transportation by Smith.

Assuming that appellant is entitled under the pleading to advance the agency theory, a grave question in view of the fact no such issue is mentioned therein, we find no basis upon which an agency could be predicated. Restatement of Agency 2d, section 1, states "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." It states that the principal must in some manner indicate that the agent is to act for him and the agent must act or agree to act on the principal's behalf and subject to his control. This record is absolutely devoid of evidence of such relationship. Certainly in the absence of such, conceding Heelan High received a benefit, such would not place Heelan High in the position of the statutory requirement of "owner or operator". The trial court was correct in holding Rosemary was a guest in Smith's car within the contemplation of section 44.0362, supra.

III. Did Clark's conduct at and just prior to the accident constitute wanton and willful misconduct under section 44.0362? Appellant claims such question was for the jury.

The terms "willful and wanton" as they appear in the statute have been held to mean "It involves 'conduct which partakes to some appreciable extent, though not entirely, of the nature of a deliberate and intentional wrong' * * *. It is the element of deliberate recklessness which differentiates willful

and wanton misconduct from ordinary negligence." Wittmeier v. Post, 78 S. D. 520, 105 N.W.2d 65, 68; Cluts v. Peterson, S. D., 113 N.W.2d 273. In Chernotik v. Schrank, 76 S. D. 374, 379, 79 N.W.2d 4, 7, the court states in effect that the words "willful and wanton misconduct" are more akin to an intentional tort than to negligence.

Upon this question the record is as follows: The accident happened where highway 18, going west out of Canton, meets highway 77 which goes east. The car was being driven on highway 18. As the car approached the intersection it was going about 55 to 60 miles an hour. Clark Smith, the driver, states that he saw he was not going to make the corner and decided to go straight ahead into Canton. At that time some of the occupants yelled "turn". He panicked and turned thinking it could be made. It was not made, with the resulting injuries.

Under the above stated definitions as to what is meant by "wanton and willful misconduct" we are unable to see how, under any possible theory, a fair-minded person could find that such conduct was anything more than mere negligence, or that it in anyway even hinted at an intentional wrong on the part of the driver, Clark Smith. We find no error in the ruling of the trial court on this issue.

Finding no error the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.