William C. FUERSTE, Administrator of the
Estate of Alice Georgette Sweeney,
Deceased, Appellant,

v.

Earl BEMIS, Appellee.

No. 52814.

Supreme Court of Iowa.

March 5, 1968.

Rehearing Denied May 7, 1968.

Hart & Hart, Waukon, and Fuerste &
Carew, Dubuque, for appellant.

Patterson, Lorentzen, Duffield, Timmons,
Wright & Irish, Des Moines, for appellee.

STUART, Justice.

The question presented here is whether
the substantive law of Iowa or Wisconsin
should apply to this action brought in Iowa
by the Iowa administrator of the estate of a
deceased Iowan against an Iowa resident
for an alleged wrongful death which oc-
curred on the Wisconsin highways.

Defendant and deceased traveled from
Dubuque, Iowa to Lansing, Iowa in de-
fendant's automobile to visit deceased's
children. Their route took them over Wis-
consin highways between Marquette, Iowa
and Lansing. On the return trip along
the same route this car was involved in a
collision with another automobile in Wis-

consin. Defendant was driving and deceased was riding as a guest passenger.

The administrator of deceased's estate brought this action in Dubuque County, Iowa alleging Wisconsin substantive law. The conflict between Iowa law and Wisconsin law is of utmost importance. Iowa has a guest statute—Wisconsin doesn't. Iowa has contributory negligence—Wisconsin has comparative negligence.

In ruling on a motion to adjudicate points of law, the trial court used the most significant relationship test and held the substantive law of Iowa, rather than that of the place of the injury, applied. As the petition charged negligence and as a guest under Iowa law can only recover from her host if he is reckless or under the influence of intoxicating liquor, section 321.494, Code of Iowa, the trial court also sustained a motion for judgment on the pleadings. The administrator has appealed.

I. Appellant urges us to adhere to the doctrine of lex loci delicti in determining whether the substantive law of Iowa or Wisconsin should apply. This rule, that the substantive law of the place of the wrong governs regardless of the law of the forum, has been applied to automobile guest statutes. Anno: 95 A.L.R.2d 12. For the past decade it has been subjected to severe criticism by legal writers. Cavers, "A Critique of the Choice-of-Law Problem", 47 Harv. L.Rev. 173; Ehrenzweig, "Guest Statutes in the Conflict of Laws", 69 Yale L.J. 595; Traynor, "Is This Conflict Really Necessary?", 37 Texas L.Rev. 657; Leflar, "The Law of Conflict of Laws", p. 217 et seq.; Weintraub, "A Method for Solving Conflict Problems—Torts", 48 Cornell L.Q. 215. It has been characterized as being mechanical and charged with bearing no relationship to any relevant consideration for choosing one law over another in a torts—conflicts case. Clark v. Clark, 107 N.H. 351, 222 A.2d 205, 207. It "* * * ignores the interest which jurisdictions other than that where the tort occurred may have in the resolution of particular issues." Babcock v. Jackson, 12 N.Y.2d 473, 478, 240

N.Y.S.2d 743, 746, 191 N.E.2d 279, 281, 95 A.L.R.2d 1.

The appellate courts of various jurisdictions are recognizing that the deficiencies of this rigid and often inappropriate rule more than offset the advantage of its relatively simple application and have been abandoning it in increasing numbers. Grant v. McAuliffe (1953), 41 Cal.2d 859, 264 P.2d 944, 42 A.L.R.2d 1162; Emery v. Emery (1956), 45 Cal.2d 421, 289 P.2d 218; Haumschild v. Continental Casualty Co. (1959), 7 Wis.2d 130, 95 N.W.2d 814; Kilberg v. Northeast Airlines, Inc. (1961), 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526; Babcock v. Jackson (1963), 12 N.Y. 2d 473, 478, 240 N.Y.S.2d 743, 747, 191 N.E.2d 279, 95 A.L.R.2d 1; Griffith v. United Air Lines, Inc. (1964), 416 Pa. 1, 203 A.2d 796; Kuchinic v. McCrory (1966), 422 Pa. 620, 222 A.2d 897; Clark v. Clark (1966), 107 N.H. 351, 222 A.2d 205; Reich v. Purcell (1967), Cal., 63 Cal.Rptr. 31, 432 P.2d 727, 730 (and citations).

The American Law Institute which annunciated the rule of lex loci delicti in the Original Restatement, Conflict of Laws §§ 378, 384, abandoned it for the rule of "most significant relationships" in Restatement of Conflict of Laws, Second, Tentative Draft No. 9, § 379. Fabricius v. Horgen, 257 Iowa 268, 274–275, 132 N.W.2d 410, 414. This rule is not without its critics. Ehrenzweig, "The 'Most Significant Relationship' in the Conflicts Law of Torts", 28 Law & Contemp.Prob. 700.

Until 1965, Iowa had without noted exception applied the substantive law of the place of the injury in actions brought in Iowa. Dorr Cattle Co. v. Des Moines National Bank, 127 Iowa 153, 161–162, 98 N.W. 918, 922, 102 N.W. 836; Redfern v. Redfern, 212 Iowa 454, 458–459, 236 N.W. 399, 401; Kingery v. Donnell, 222 Iowa 241, 245, 268 N.W. 617, 619; Fessenden v. Smith, 255 Iowa 1170, 1173, 124 N.W.2d 554, 555.

However in Fabricius v. Horgen, 257 Iowa 268, 278–279, 132 N.W.2d 410, 416,

we discussed the problem of choice of law and concluded: " * * * that the better and more modern rule is that the determination as to the existence of actionable negligence is according to the law of the jurisdiction where the claimed tort occurred * * *. Questions as to who may maintain an action in Iowa, for whom, and the measure of damages are determined by the law of the forum * * *. When an Iowa administrator brings an action in the Iowa courts for the benefit of Iowa people and against an Iowa defendant his standing, his method of procedure and his measure of damages are according to Iowa law. To use the modern term he has made his 'choice of law' and must abide thereby. The Iowa Guest Statute and the dissimilarity with Minnesota law in this particular is not involved in the case before us."

It should be noted the law of the forum was there applied because all significant relationships were with the forum state. We were not there, nor are we here, confronted with a situation where Iowa as the forum state had no strong interest in the litigation. See Reich v. Purcell, Cal., 63 Cal. Rptr. 31, 432 P.2d 727.

In Flogel v. Flogel, 257 Iowa 547, 548–551, 133 N.W.2d 907, 908–910, a wife sought to recover for injuries allegedly sustained by reason of the negligent operation of a motor vehicle by her husband in Wisconsin. We held the substantive law of Iowa, the state of the marriage domicile and the forum, rather than the law of the place of the wrong, governed plaintiff's right to maintain an action against her husband for an unintentional tort.

■ No useful purpose would be served in reviewing the authorities considered in Fabricius and Flogel. Both cases indicate our acceptance of the rule of "most significant relationships" in resolving the choice of substantive law. However, in Fabricius we specifically refrained from applying the rule to the guest statute. We see no reason why the rule should not be used in deter-

mining the substantive law to be applied to each issue in litigation involving a torts-conflicts question. This is particularly true of the guest statute as the legal significance of the relationship should not shift as the automobile passes from state to state. Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 172 N.E.2d 526, 527, 211 N.Y.S.2d 133.

"The merit of such a rule is that 'it gives to the place "having the most interest in the problem" paramount control over the legal issues arising out of a particular factual context' and thereby allows the forum to apply 'the policy of the jurisdiction "most intimately concerned with the outcome of particular litigation"'. * * * " Babcock v. Jackson, 12 N.Y.2d 473, 481–482, 240 N.Y.S.2d 743, 749, 191 N.E.2d 279, 283, 95 A.L.R.2d 1. See also Reich v. Purcell, Cal., 63 Cal.Rptr. 31, 432 P.2d 727, 730.

We realize the rule will not be easy to apply in instances where the relationships are more complex. See Comments on Babcock v. Jackson, 63 Colum.L.Rev. 1212, 1219 et seq. However, this is a rapidly developing field of law and there is no need to anticipate the more difficult problems which will confront us.

■ As we apply this test to the factual situation here, it becomes obvious that Wisconsin has no significant relationship with the parties nor any interest in any issue herein presented. The presence of the parties in Wisconsin at the time of the accident was entirely fortuitous. Their selected route between Iowa cities took them over Wisconsin roads for approximately 30 miles. The standard of conduct of the parties while in Wisconsin was not an issue here.

On the other hand, both parties were Iowa residents traveling between two Iowa cities. An Iowa administrator commenced the action in an Iowa court. All significant relationships are with the State of Iowa. Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W. 2d 408, 416; Reich v. Purcell, Cal., 63 Cal. Rptr. 31, 432 P.2d 727, 730–731.

Actually, we do not have a true conflict of law under the most significant relationships rule. The situation here is a prime example of "a spurious conflict" as defined by Weintraub, 48 Cornell L.Q. 215, 220, et seq. See also, Traynor, "Is This Conflict Really Necessary?" 37 Texas L.Rev. 657, 667, et seq., 670; Kuchinic v. McCrory, 422 Pa. 620, 222 A.2d 897, 899. Cf: Leflar, "Choice-influencing Considerations in Conflicts Law", 41 N.Y.U.L.Rev. 267, 289–290. It is clear Iowa substantive law should be applied to the facts and issues herein raised.

II. Appellant argues even if we follow[†] the most significant relationships rule, we should not apply the Iowa guest statute to an action in our courts between our citizens when the injury was sustained in a non-guest statute state. In some cases it has been pointed out that one of the choice-influencing considerations is the "sounder rule of law". Clark v. Clark, 107 N.H. 351, 222 A.2d 205, 209; Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664, 673.

Appellant's argument presupposes the[‡] guest statute is the poorer law and for the sake of our discussion here we make that assumption. The suggested consideration would have some validity in a true conflict case in which other considerations were in near equipoise. In such instance the court could justifiably apply the sounder rule of law as they interpret it to be. The way would be open for the court to "select the law that most adequately does justice to the parties and has the greatest likelihood of being applicable with justice in the future". Heath v. Zellmer, supra.

■ However, as we have previously pointed out, there is no true conflict here. All significant contacts and relationships are with the State of Iowa on the issues involved in this appeal. The Iowa legislature has by statute established a state policy in favor of the guest statute. It has in recent sessions failed to act on legislation designed to repeal the statute. The basic premise of the most significant relationships theory is that the court of the forum should apply the policy of the state with the most interest in the litigants and the outcome of the litigation.

■ It is not for us to consider which is the better law when the policy making body of the state has spoken. "The question of whether a guest should be barred from recovering from his host for his host's negligence in the operation of his automobile is a question of policy to be decided by the appropriate legislative body." Babcock v. Jackson, 17 A.D.2d 694, 230 N.Y.S.2d 114, 117 (Halpern, J., dissenting).

Weintraub, while favoring "the better law" consideration, warns the courts against applying it in situations similar to the one confronting us:

"This is not to suggest that a pseudo conflicts analysis should be used to avoid a poor rule when in fact there is no true conflict, when no other state has a legitimate interest in having its own modern rule applied. The temptation to use the conflicts device for this purpose may be strong, but the only intellectually honest solution is a direct changing of the poor local rule." 48 Cornell L.Q. 215, 242.

Appellant believes the Wisconsin rule is[✗] the better law. When he asks us to apply it to this case in which all significant relationships are with the State of Iowa, he is in effect asking us to ignore all other considerations. We do not believe the Supreme Courts of New Hampshire or Wisconsin intended this one consideration to predominate over the others in choosing the law to apply. Such rule would eliminate the necessity for determining which state had the strongest interest in the particular issue. The result reached in this manner might have no more relevancy to the interests of the state with the most significant relationships than the result reached by applying the law of the place of injury.

Under the issues here, Iowa is the only state which has a significant relationship

with the parties and a strong interest in the outcome of the litigation. The policy of our state is to limit suits by a guest against her host to instances involving recklessness or intoxication. Only negligence has been pleaded. The trial court was correct in awarding judgment on the pleadings.

AFFIRMED.

All Justices concur, except LeGRAND, J., who dissents.